HENRY DEFEO *vs.* WILLIAM H. HINDINGER ET AL.

Third Judicial District, New Haven, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

The written exceptions annexed to a motion to correct the finding, constitute the foundation for any appeal seeking such correction; and the only permissible grounds of exception are the three specified in the rules (Practice Book, 1922, p. 309, § 11): a refusal to find an admitted or undisputed material fact; a finding of a fact in language of doubtful meaning; and a finding of a material fact without any evidence.

An exception to a finding because it is against the evidence or the weight of the evidence is not a permissible exception, and lays no foundation for an appeal to correct the finding.

This court cannot retry a fact by considering and weighing the evidence: that function falls within the exclusive province of the trial court.

When there is testimony as to any fact, the finding of the trial court respecting that fact is final and conclusive.

A transfer of property made to avoid a threatened attachment for a tort, is not one within our statute (§ 6132) against fraudulent conveyances; and until the plaintiff in such an action obtains judgment, he does not become a creditor.

A bill of sale of property eight months or more before one becomes a creditor of the vendor, can rarely, if ever, be said to have been made in fraud of "any debt or duty" belonging to such person.

Argued January 19th—decided March 1st, 1923.

REPLEVIN for an automobile truck or business car, brought to and tried by the Superior Court in New Haven County, *Banks, J.;* facts found and judgment

rendered for the plaintiff to retain the automobile and recover $220 damages, and appeal by the defendants. *No error.*

*Ernest L. Isbell* and *Milton C. Isbell,* for the appellants (defendants).

*John J. Sullivan,* for the appellee (plaintiff).

CURTIS, J.  If the finding is not further corrected, it cannot seriously be claimed that judgment was not properly rendered for the plaintiff. The defendants seek, by securing corrections and additions to the finding, to obtain a finding which will not support a judgment for the plaintiff. The defendants filed a draft-finding, and when the court filed its finding, they filed a motion to correct and add to the finding, and the court marked nineteen paragraphs of their draft-finding "Proven" and the remaining seven paragraphs "Not proven."

This is an appeal in an action tried to the court without a jury, and the defendants rely mainly upon errors of the trial court in failing to correct, or add to, the finding, upon their motion to that effect, to which written exceptions were annexed; and they now seek to have these corrections and additions made by this court. They are proceeding under the provisions of General Statutes, §§ 5830 and 5831, and the Rules of Court made in relation to such an appeal. Practice Book (1908) p. 268, §§ 8–11; p. 273, Form 3; Practice Book, 1922, p. 308, §§ 9, 10, p. 309, §§ 11–13, p. 313, Form 3. An examination of General Statutes, §§ 5830, 5831, and these rules of court, discloses that when a finding has been filed in an action tried to the court without a jury, either party may file a motion to correct or add to it, and may annex to the motion

written exceptions to any finding of a fact therein or to any refusal to find a fact as requested by him in his draft-finding, and the evidence claimed to be material as to the existence of the facts to which the exceptions relate, shall be made part of the record. The written exceptions, annexed to the motion to correct, are the foundation of any appeal relating to the correction of a finding. The rules just cited provide the grounds upon which the exceptions are to be based. An exception should state the ground or basis of the exception, substantially on one of the grounds disclosed by the rules. *Perrotti* v. *Bennett*, 94 Conn. 533, 537, 109 Atl. 890. Practice Book (1922) p. 309, § 11, provides that the written exceptions may be for one or more of the following grounds: 1. A refusal by the court to find a material fact, which was an admitted or undisputed fact. 2. A finding of a fact in language of doubtful meaning, so that its real significance may not clearly appear. 3. A finding of a material fact without any evidence. It is to be observed that it is not a permissible ground of exception that a fact was found against the weight of the evidence. General Statutes, § 5830, provides that a party may move to have a finding corrected by adding paragraphs appearing in his draft-finding; it does not provide that a party may move to have a series of facts found as to which he made no request to find in his draft-finding. The written exceptions which the defendants annexed to their motion to correct, did not contain any of the grounds for expunging or adding to the finding recited above. Assuming that the defendants deemed that the form of an exception given in § 5830, warranted the form used by them, we turn to the reasons of appeal to learn whether the grounds upon which they base their request for a correction appear there. The reasons of appeal fail to set up any grounds for cor-

recting the finding which the rules specify. There is, therefore, no reference in the exceptions or reasons of appeal, directly or by reference to the motion to correct, to the grounds for expunging a fact found, or adding a fact to a finding, as they are set forth in the rules of court as cited above.

The exceptions and reasons of appeal are apparently based on a claim that some facts were found against the weight of evidence. That is not a permissible basis for an exception or reason of appeal. Where a fact is found against the weight of the evidence, or under conflicting evidence, this court cannot retry the fact by considering and weighing the evidence; that is the exclusive province of the trial court. Because of the absence from the exceptions or reasons of appeal of any permissible grounds for correcting the finding, there is no basis in the record for a correction of the finding by this court.

In the defendants' motion to correct, they asked that paragraph 5 of the finding "be expunged as against the evidence, and because it is a finding without evidence." This last reason is stated in accord with the provision of the Practice Book (1908) p. 268, § 10 (3). If it had been alleged in those terms, or by reference to the motion, in the exceptions or in the reasons of appeal, it would have furnished a proper basis for consideration of the appeal. Paragraph 5 of the finding reads: "5. Thereafter in March, 1920, Alfonso DeFeo transferred said bakery business for a valuable consideration to the plaintiff, who has since that date been in possession of and conducted the same under the style of A. DeFeo & Sons." The testimony of Henry DeFeo, if credited, amply supports this paragraph of the finding, and, as we have in effect stated above, where there is testimony as to any fact, the finding of the fact by the court is conclusive. All the reasons of

appeal relating to the refusal of the court to correct the finding, must be overruled.

The defendants contend that the court erred in overruling their claim that upon the facts found, Alfonso DeFeo, and not the plaintiff, was the owner of the automobile at the time it was replevied. The claim is that under the finding the conveyance of the bakery business from Alfonso DeFeo, the father, to Henry, the son, was fraudulent and void as to the defendant William H. Hindinger, a subsequent creditor of Alfonso DeFeo. The defendants attach undue importance to the fact that in September, 1919, Alfonso DeFeo made a bill of sale of the bakery business to one Masimina Freda. This giving of the bill of sale was not accompanied or followed by the vendee's taking possession of the business. Alfonso DeFeo made this bill of sale to avoid an attachment of the business in a tort action at that time threatened. The finding does not mention this tort action again. It does not appear that it was pursued to a judgment, and that thereby the person threatening became a creditor of Alfonso DeFeo. A person threatening a tort action is not a creditor under our statute as to fraudulent conveyances. General Statutes, § 6132. "The statute against fraudulent conveyances makes void all fraudulent conveyances to avoid the debt or duty of others. . . . This statute does not comprehend claims founded on torts." The terms " debt or duty " in the statute do not apply "to a mere legal liability to an action for a tort." *Fox* v. *Hills*, 1 Conn. 295, 299; *Fowler* v. *Frisbie*, 3 Conn. 320, 324. If the tort action is pursued and a judgment recovered, the judgment creditor has remedies under the common law. *Fox* v. *Hills*, 1 Conn. 295. Under the facts found there were no creditors of Alfonso DeFeo in March, 1920, when he sold and transferred the bakery business to his son, the plaintiff, who then

went into possession of the business and has conducted it since. The automobile in question was purchased by Henry DeFeo for use in his bakery business on September 16th, 1920, and has been in his possession since that date. It was paid for, in part, out of the proceeds of the business while conducted by the plaintiff.

On November 23d, 1920, eight months after the sale of the bakery to Henry DeFeo, Alfonso DeFeo became indorser upon a series of notes given by one Patrick DeFeo to the defendant William H. Hindinger. It appears that in 1921 one or more of these notes became due and were not paid by Patrick DeFeo, and Hindinger, the holder, brought suit against Alfonso DeFeo and attached the automobile purchased by Henry, as the property of Alfonso DeFeo. It therefore appears from the finding: 1. That Alfonso DeFeo sold the bakery business to his son, Henry, in March, 1920. 2. That at that date Alfonso had no creditors. 3. That the only creditor he ever had, as far as appears from the finding, arose from indorsing a note to a third person (Hindinger) in November, 1920. 4. That apparently a debt springing from such indorsement did not arise until the summer of 1921. The suggestion is wholly untenable that these facts would only warrant a finding that when Alfonso sold his business to Henry, the plaintiff, in March, 1920, it was a sale made and contrived to defraud William Hindinger, to whom he became indebted in the summer of 1921, upon his indorsement of a note in November, 1920. The reasons of appeal are insufficient.

There is no error.

In this opinion the other judges concurred.