THEODORE H. WHITE *vs.* ANTONIO M. AMENTA ET AL.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued October 1st, 1929—decided January 6th, 1930.

*Don Cambria* and *Bernard A. Kosicki,* for the appellants (defendants).

*Carl F. Anderson,* for the appellee (plaintiff).

MALTBIE, J.   The trial court has found the following facts:   On October 7th, 1927, an automobile owned by the defendant Antonio Amenta was in collision with one owned and operated by the plaintiff. The plaintiff did not, between that day and December 30th, 1927, inclusive, make any claim to the defendant for damages arising out of the collision.   In 1917 the defendant Antonio had owned a certain piece of real estate which he in that year transferred to his wife, the other defendant, Sebastiana Amenta; in 1924 she transferred it back to him and on October 7th, 1927, he owned it.   On December 30th, 1927, he again transferred it to his wife, receiving no consideration, and making a voluntary gift of it to her.   He continued thereafter to treat the property as his own.   He had at the time of the transfer no creditors except a bank which held a mortgage upon the land.   The transfer left him penniless.   On the day of the accident he had a policy of indemnity insurance covering damages to person or property which might be caused by his automobile, but before January 17th, 1928, he had received notice that the insurer intended to cancel the policy and it was cancelled on January 30th, 1928.   By writ dated January 17th, 1928, he began an action against the plaintiff, employing the same attorney who made the transfer of the property for him, and in that

action he sought to recover the damages suffered by him in the collision. The plaintiff filed a counterclaim in the action and when it was tried recovered judgment against the defendant Antonio upon it. He filed the judgment lien against the property which he is now seeking to foreclose. The defendant Antonio has no funds or property with which to pay that judgment. The finding finally states that the transfer of the property by the defendant to his wife was fraudulent and was made and intended to hinder, delay and defraud his creditors and such as might thereafter become his creditors. The trial court reached the conclusion that the plaintiff was entitled to judgment in the action.

Certain of these findings the defendant seeks to have stricken out. As to all those so attacked except the final one, it only need be said that there was evidence upon which the trial court might reasonably base them. As to the final one, it includes two conclusions, that the transfer of the property was fraudulent, and that the defendant Antonio intended thereby to hinder, delay and defraud his creditors or those who might thereafter become such. The former, involving as it does a question of law, we leave for future consideration. The use of the word creditors in the finding of intention was clearly meant to include the plaintiff, although his right rested in tort, for it was the only outstanding claim of any kind except the bank mortgage and the only one which the finding suggests as possible of ripening in the future. This finding is clearly made as an inference from the facts found and it seems to us an entirely reasonable one. In view of all the circumstances the trial court might well infer that the defendant Antonio had on or before the day the transfer was made formed the intention of bringing an action against the plaintiff for the losses

caused him by the collision and, fearing just what actually occurred, a counterclaim by the plaintiff, and aware of the fact that the insurance company was threatening to cancel the policy he held, he transferred the property in order to prevent the plaintiff from obtaining redress, should he secure a judgment. Giving to the term "creditors" the meaning intended by the trial court, such an inference would justify a finding of an intent in making the transfer to hinder, delay and defraud his creditors and those who might thereafter become such.

The defendants seek also certain additions to the finding. One of these is, so far as material, already embodied in the finding, several of the facts sought to be added are immaterial to the issues in the case, and, bearing in mind the distrust which the trial court obviously felt for the defendant Antonio as a witness, the others, with the possible exception hereafter noted, cannot be regarded as admitted or undisputed facts. The defendants seek to have added a statement that when the property was originally purchased the defendant Sebastiana paid the money for it. They seek this change as the basis for a claim that the defendant Antonio held the property after its purchase upon a resulting trust for his wife and the conveyance to her was made in execution of that trust. But if we should admit the right of the defendants to the correction in the finding, the result they claim would not follow. For where a wife pays the consideration for property which the husband takes in his own name, any claim of a resulting trust, in the absence of evidence other than the fact of such payment, is rebutted by the relationship of the parties and the law will presume that she intended a gift. *Wilson* v. *Warner,* 89 Conn. 243, 93 Atl. 533; 1 Perry on Trusts & Trustees (7th Ed.) § 143.

That brings us to the decisive question in the case, whether the transfer is to be deemed fraudulent as to the plaintiff, who at the time it was made had only a right to recover damages for a tort and who thereafter reduced his claim to judgment. The scope of our statute, now §§ 6132 and 6133 of the General Statutes, received early consideration and it was then determined that it did not include rights to recover damages in tort, such rights not being intended by the words "debt or duty" used in it; *Fox* v. *Hills,* 1 Conn. 295; and this decision has since been followed. *DeFeo* v. *Hindinger,* 98 Conn. 578, 582, 120 Atl. 314. HOSMER, J., in a concurring opinion, pointed out in *Fox* v. *Hills* that our statute is in terms much narrower than the English statute of Elizabeth and as our Act includes a provision for a severe forfeiture imposed upon all persons guilty of a breach of it, it is highly penal and to be strictly construed. But while a right to recover damages in tort was held not to be within the statute, the court also held that on common-law principles one who at the time a transfer of property is made has a right to recover damages in tort may avoid it as fraudulent, if it is made with intent to defeat a recovery by him; and this principle was reiterated in *DeFeo* v. *Hindinger, supra.* This is a recognition of the fact that statutes as to fraudulent conveyances are enacted in recognition of an underlying common-law principle. *Fox* v. *Hills* was an early illustration of Bigelow's statement: "It is believed that upon this evidence one cannot go far wrong in asserting that where the statute, liberally interpreted, fails, a remedy still exists by the common law 'as now understood,' in the language of Lord Mansfield, whether by a suit at law or in equity, for every case of 'endeavor to alter rights by wrongfully evading the law in a matter to which the person to be wronged

is not a party.' " Bigelow on Fraudulent Conveyances (Knowlton's Ed.) p. 17. The recognition of this principle helps to bring our law into accord with that of most of the other States, as well as that of England, where statutes against fraudulent conveyances are held to include rights to recover damages in tort. 27 Corpus Juris, 476. The trial court was therefore right in holding that the transfer of the property by the defendant Antonio to his wife was voidable at the suit of the plaintiff.

There is no error.

In this opinion the other judges concurred.