## A. Robert Russell, Jr. v. George Roberts, Sr., Paul Roberts, Clifford and Carrie Playful

[ 254 A.2d 587 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Daley, C. Supr. J.

Opinion Filed June 3, 1969

*Robert M. Rosenberg, Jr., Esq.,* for the Plaintiff.

*Peter E. Piche, Esq.,* for Paul Roberts.

*Lloyd A. Portnow, Esq.,* for Clifford and Carrie Playful.

**Shangraw, J.** On October 13, 1961 plaintiff purchased property of the defendant, George Roberts, Sr. and his wife Kathryn E. Roberts, located in Burlington, Vermont, and gave a second mortgage thereon to the grantors.

On August 5, 1965 plaintiff conveyed the property to the defendants, Clifford and Carrie Playful, who assumed to pay the balance remaining on this second mortgage.

On the 18th day of September 1967 the defendant George Roberts, Sr., and his wife assigned the second mortgage and note to their son, Paul Roberts, which mortgage assignment was recorded October 27, 1967.

Plaintiff brought a tort action against the defendant, George Roberts, Sr. on October 23, 1967 by reason of an alleged assault made

by this defendant upon the plaintiff on March 28, 1967. In that action defendants, Clifford Playful and Carrie Playful, were summoned and served as trustees.

On October 25, 1967, Clifford and Carrie Playful filed a disclosure setting forth that they were not indebted to the defendant, George Roberts, Sr. by reason of the assignment of the second mortgage and note to Paul Roberts, which disclosure is being contested by the plaintiff.

Plaintiff is a resident of Burlington, Vermont. Defendant, George Roberts, Sr. and his wife are residents of Albany, N.Y. Paul Roberts, defendant, is a resident of Riverdale, Maryland. The remaining defendants, Clifford and Carrie Playful are residents of Burlington, Vermont.

In the case before us, plaintiff brought a bill in Chancery on November 6, 1967 returnable in Chittenden County and sequestered $1,400.00 due under the second mortgage in question. The gravamen of the complaint is that the assignments of the mortgage and note to Paul Roberts were made without consideration and to prevent the plaintiff from recovering on any judgment he might procure against George Roberts, Sr. arising out of the assault and battery action.

It is also alleged by plaintiff that the defendant, Paul Roberts, and his attorney were aware of plaintiff's claim of assault against defendant, George Roberts, Sr., prior to the assignments in question to Paul Roberts. Plaintiff seeks, in his complaint, to have the assignments to Paul Roberts declared fraudulent and null and void.

Plaintiff further claims that without intervention of the Court of Chancery the assets of George Roberts, Sr., will be removed from the State of Vermont in deprivation of plaintiff's rights.

Defendant Paul Roberts filed an answer denying each and all allegations contained in plaintiff's bill of complaint. He further claimed therein that plaintiff acted fraudulently respecting the transactions with which we are concerned.

Then followed a motion by Paul Roberts to dismiss plaintiff's bill of complaint. This motion in part sets forth:

"1. That only relationship complained of between the Complainant A. Robert Russell, Jr. and the alleged fraudulent-conveyencer-respondent, George Roberts, Sr. is that of alleged tort-victim and alleged tortfeasor, * * *"

2. Under 9 V.S.A. §2281 and the cases decided thereunder, the alleged victim of a tort is not a party aggrieved under the Statute and an alleged claim sounding in tort is not a "right, debt or duty" within the meaning of the Statute. (See annotation No. 4, *Green* v. *Adams* (1887) 59 Vt. 602, 10 A. 742, 59 Am.St.Rep. 761.

3. * * * the assignment of the mortgage from Respondent George Roberts, Sr., to the Respondent Paul Roberts was not a fraudulent or deceitful conveyance which the Complainant, A. Robert Russell, Jr., may petition to have declared null and void."

The motion to dismiss was denied and the defendant Paul Roberts was permitted to appeal to this Court, before final judgment, under the provisions of 12 V.S.A. §2386. The question certified by the Chancellor for determination in this Court reads:

"Is a chose in action sounding in tort and not yet perfected by a judgment a 'right, dept or duty' within the meaning of 9 V.S.A. §2281?"

9 V.S.A. §2281 entitled "Fraudulent deeds and transfers," provides:

"Fraudulent and deceitful conveyances of houses, lands, tenements or hereditaments, or of goods and chattels, and all bonds, bills, notes, contracts and agreements, all actions, judgments and executions, made or had to avoid a right, debt or duty of another person, shall, as against the party only whose right, debt, or duty is attempted to be avoided, his heirs, executors, administrators and assigns, be null and void."

Only the defendant, Paul Roberts, challenged the complaint. He moved to dismiss on the ground that a claimant in an action of tort is not a party aggrieved under 9 V.S.A. §2281. His motion contends that the plaintiff has no standing to maintain this action to set aside the assignment as fraudulent and cites *Green* v. *Adams,* 59 Vt. 602, 10 A. 742.

Section 2281 and 2282 of Title 9, Vermont Statutes Annotated, were originally enacted as a part of an ancient criminal statute. They were strictly penal in nature and in the original draft the right to avoid the transfer and to recover the penalty were both given in one section. R. 1787, p. 111; *Beach* v. *Boynton,* 26 Vt. 725, 732, 735.

The *Beach* case, *supra,* was an action to recover a forfeiture. Chief Judge Redfield's opinion points out that the words "right and duty" as

used in the statute "are no doubt limited to such rights and duties as are of the nature of debts, such as *"ex contractu."* The author, in commenting on the earlier case of *Brooks* v. *Clayes,* 10 Vt. 37, 54, explains that the construction given to the statute in that case was designed "to exclude the rights in the nature of torts, as was held in regard to the Connecticut statute."

■ Confirming our answer to the specific question certified, we must reply that §2281, *supra,* does not extend to claims in tort which have not been perfected by judgment.

■ If the present action was in fact founded on this statute, a negative answer to the certified question would prompt us to put an end to the litigation here. But the answer which we have made to the question does not deal with the propriety or availability of any other remedies in equity under the present pleadings or available by amendment.

It should be noted that this action is not based on 9 V.S.A. §2281, nor does it seek the penalty provided in §2282, *supra.* It is an action founded generally in equity. The attempt to confine it to §2281, by motion of the defendant, Paul Roberts, was opposed by the plaintiff.

In *Brooks* v. *Clayes, supra,* the Court observed that "(A) conveyance may be fraudulent so as to be inoperative and void, as against the creditors of the person making it, and yet, the penalty of the statute not be incurred."

The Connecticut statute, referred to in *Beach* v. *Boynton,* and in the *dicta* of *Green* v. *Adams, supra,* 59 Vt. at p. 612, 10 A. 742, presented no obstacle to the granting of equitable relief to avoid a fraudulent transfer after a claim in tort had arisen against the transferor. *White* v. *Amenta,* 110 Conn. 314, 148 A. 345, 346. See also 37 Am.Jur.2d §145; Annotation 73 A.L.R.2d 751.

The general jurisdiction of courts of equity justified the lower court's refusal to dismiss the complaint. See *Dunnett* v. *Shields & Conant,* 97 Vt. 419, 429, 123 A. 626; *Lynch's Adm'r* v. *Murray,* 86 Vt. 1, 8, 9, 83 A. 746.

*The order denying the motion of defendant, Paul Roberts, to dismiss the complaint is affirmed and the cause remanded for further proceedings.*