DONNA MOLITOR v. JOSEPH T. MOLITOR, JR., ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued March 11—decision released July 7, 1981

*Louis I. Gladstone,* with whom, on the brief, was *Matthew B. Woods,* for the appellant (defendant).

*Elaine T. Silver,* with whom, on the brief, was *Robert M. Wechsler,* for the appellee (plaintiff).

PETERS, J. In this action for marital dissolution, the principal issue is the propriety of the trial court's order setting aside as fraudulent a conveyance of marital property. The plaintiff, Donna Molitor, brought an action against the defendant, Joseph T. Molitor, Jr., seeking a dissolution of their marriage, custody of their two minor children, alimony, support, counsel fees, and a division of the parties' real and personal property. The defendant counterclaimed for a dissolution, custody and a division of the property.

The underlying facts giving rise to the present controversy are as follows: The plaintiff initiated the action for dissolution on January 17, 1977. Orders for alimony and support pendente lite were rendered in September, 1977, and in March and April, 1978. On October 25, 1978, when the defendant was in arrears on payments due under these orders for alimony and support, he transferred his one-half interest in the marital home to his uncle, Raymond Keywork, as trustee for the two Molitor children, for a consideration of one dollar. Shortly before the transfer, the defendant had been notified of the imminent termination of his employment.

Upon her discovery of these events, the plaintiff amended her complaint to add a count alleging that the transfer of the marital home was a fraudulent conveyance. The trial court permitted this amendment, and also allowed Raymond Keywork to be named as an additional party defendant. A lis pendens was placed on the property and an attachment of Keywork's interest in the property was also obtained.

After a two-day trial, *Hon. W. L. Tierney, Jr.,* state referee, acting as the trial court, dissolved the marriage, awarded joint custody of the children and ordered the defendant to pay alimony and support. Furthermore, the court annulled the conveyance to Keywork and judicially transferred the defendant's interest in the marital home to the plaintiff. Although Keywork was represented by the defendant's trial counsel, he did not appear for the trial, and has not appealed from the judgment. The defendant has appealed only from that part of the judgment setting aside the conveyance to Keywork and transferring that property to the plaintiff.

Before we can discuss the merits of the judgment, we must consider two challenges to our jurisdiction to hear this appeal. The plaintiff argues that the defendant lacks standing to prosecute this appeal because, having conveyed to Keywork all of his rights to the property at issue, he has no further interest in its disposition and is therefore not aggrieved by the action of the trial court. The defendant argues that, because he conveyed the property at a time antecedent to the entry of the trial court's decree, that court lacked jurisdiction to make any order relating thereto.

With regard to the plaintiff's challenge to our jurisdiction, we hold that the defendant has suffi-

cient standing to prosecute this appeal. Measured by the criteria for standing recently reiterated in *Maloney* v. *Pac*, 183 Conn. 313, 320–22, 439 A.2d 349 (1981), his appeal raises issues that are justiciable and that are sufficiently immediate to afford the assurance of their vigorous litigation. While it is true that the trustee Keywork might have adequately contested the avoidance of the conveyance of the defendant's interest in the marital property, the trustee has elected not to participate in these proceedings. It is evidently the view of the trustee that there is in this case such a unity of interest between the trustee and the settlor of the trust that the trustee's position can adequately be represented by the settlor, the defendant. The defendant has consistently, from the time that the validity of the trust was first put into issue, manifested his interest in the preservation and fulfillment of the trust agreement, whose enforceability he has defended with vigor. In the light of all of these circumstances, the defendant, as settlor of the trust, is sufficiently aggrieved by its judicial defeasance to have standing here.

Turning next to the defendant's challenge to the trial court's jurisdiction,[1] we hold it also to be unavailing. It is important, in assessing this challenge, to be clear about what is not at stake. The defendant does not argue that the trial court lacked personal jurisdiction over him; he was served personally and participated fully in the dissolution

---

[1] The plaintiff urges us not to consider this challenge, because it was not raised in the trial court. It is, however, a well-established principle that this court will consider jurisdictional issues on appeal whether or not the jurisdictional question was noticed at trial. *General Dynamics* v. *Groton*, 184 Conn. 483, 497, 440 A.2d 185 (1981); *Aaron* v. *Conservation Commission*, 178 Conn. 173, 178, 422 A.2d 290 (1979); *Fox* v. *Zoning Board of Appeals*, 146 Conn. 665, 666–67, 154 A.2d 520 (1959).

proceedings in the trial court. See *Hodge* v. *Hodge*, 178 Conn. 308, 315, 422 A.2d 280 (1979). Nor can the defendant deny that he had notice that the plaintiff was asserting an interest in his share of the marital home, since her complaint so indicated from the outset and his own financial affidavit, filed in 1977 in connection with this case, listed this property as an asset. Finally, the conveyance to the trustee Keywork was not a sale to a good faith purchaser for value. The consideration was nominal at best, and Keywork, the defendant's uncle, knew of the pending dissolution action. Keywork has never asserted any interest independent of that of the defendant, although, having been made a party to the proceedings, he had every opportunity to do so. The same residual interest that gives the defendant standing in this court afforded subject matter jurisdiction to the trial court. A party to an action for dissolution does not have unlimited power to frustrate orderly judicial adjudication of rights in marital property. While neither marriage nor an action for dissolution serves, in and of itself, to transfer an interest in property from one spouse to another; General Statutes § 46b-36; *Tobey* v. *Tobey,* 165 Conn. 742, 748, 345 A.2d 21 (1974) ; the institution of judicial proceedings serves, at least between the parties, to preserve the status quo from impairment by fraud. A transfer made after notice of an actual or imminent action seeking alimony or support may be found fraudulent and set aside. See *Pappas* v. *Pappas,* 164 Conn. 242, 244-45, 320 A.2d 809 (1973) ; *Harrison* v. *Harrison,* 228 Ga. 126, 184 S.E.2d 147, 148 (1971) ; *Sherrill* v. *Mallicote,* 417 S.W.2d 798 (Tenn. App. 1967).

We come then at last to the defendant's principal argument on this appeal, that the trial court erred

in finding fraudulent his conveyance of his interest in the marital property to the trustee Keywork.[2] Our fraudulent conveyance statute, now General Statutes § 52-552,[3] was first adopted in 1702, and has long been held substantially identical to the similar provisions of the statute of frauds, 13 Eliz. c. 5 (1570). *O'Neill* v. *Kilduff*, 81 Conn. 116, 121, 70 A. 640 (1908); *Curtis* v. *Lewis*, 74 Conn. 367, 373-74, 50 A. 878 (1902); *Benton* v. *Jones*, 8 Conn. 186, 189 (1830). We have held it to be an adoption of the common law of fraudulent conveyances and that the common law remedy still exists. *White* v. *Amenta*, 110 Conn. 314, 318-19, 148 A. 345 (1930). While Connecticut has never adopted the Uniform Fraudulent Conveyance Act, now in force in twenty-five states, the similarities between it and our law are strong, since the uniform act also is largely an adoption and clarification of the standards of the common law. See Uniform Fraudulent Conveyance Act (1978), Commissioners' Prefatory Note, p. 162.

Both under our law and under the uniform act, a conveyance may judicially be declared void and set aside as against any person except a purchaser for

[2] The plaintiff's position that this claim was insufficiently raised at the trial level to be considered on this appeal is untenable. It was clearly understood at trial that the defendant was contesting those allegations of the plaintiff's amended complaint that characterized the trust as a fraudulent conveyance. Since the case was tried to the court rather than to a jury, there was no occasion for the defendant to file a motion for a directed verdict or for judgment notwithstanding the verdict. See Practice Book §§ 320, 321. By its decision, the trial court made findings concerning the sufficiency of the evidence that are reviewable on appeal.

[3] "[General Statutes] Sec. 52-552. FRAUDULENT CONVEYANCES, JUDGMENTS, CONTRACTS, WHEN VOID. All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs."

fair consideration without knowledge of the fraud at the time of purchase, if the conveyance was fraudulent. General Statutes § 52-552; Uniform Fraudulent Conveyance Act §§ 9, 10; *Genovese Coal Co.* v. *River Bend Builders, Inc.,* 146 Conn. 48, 51–52, 147 A.2d 193 (1958); *White* v. *Amenta,* supra, 318–19. A conveyance is fraudulent if made with actual intent to avoid any debt or duty or if made without any substantial consideration by a person who is or will be thereby rendered insolvent. General Statutes § 52-552; Uniform Fraudulent Conveyance Act §§ 4, 7; *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 307, 407 A.2d 971 (1978); *Genovese Coal Co.* v. *River Bend Builders, Inc.,* supra, 51-52. A person is insolvent for these purposes when he is unable to pay his then-existing debts. *Town Bank & Trust Co.* v. *Benson,* supra, 307; *Boiselle* v. *Rogoff,* 126 Conn. 635, 643, 13 A.2d 753 (1940); *Dombron* v. *Rogozinski,* 120 Conn. 245, 247, 180 A. 453 (1935); cf. Uniform Fraudulent Conveyance Act § 2 (1); *Meyer* v. *General American Corporation,* 569 P.2d 1094 (Utah 1977); Glenn, Fraudulent Conveyances (Rev. Ed. 1940) § 272.

The trial court found that the conveyance of the defendant's interest in the marital home to Keywork was fraudulent as to the plaintiff on two separate bases. On the one hand, it found that the conveyance was constructively fraudulent because: (1) when it was made there was a then-existing debt, unpaid alimony and support pendente lite, which the defendant owed to the plaintiff; (2) the conveyance was made without fair or substantial consideration; and (3) it rendered the defendant "insolvent in that his debts to the plaintiff and to other creditors exceeded the amount of his assets." In the alternative, the trial court also found that the transfer was

made with actual intent on the part of the defendant Molitor to defraud his creditors, including the plaintiff, and that Keywork had actual or constructive knowledge of this intent.

While the defendant has, on this appeal, attacked the sufficiency of the evidence supporting each branch of the trial court's findings, the judgment must stand if the evidence adequately supports the finding of constructive fraud. The defendant cannot and does not deny the absence of substantial consideration. Nor can he successfully attack the finding that the transfer rendered him insolvent. Because his own financial affidavits, filed with the court in 1977, listed his interest in the marital home as an asset, valued at $15,000, and because at the time of the transfer his other assets were worth less than $570 while his debts exceeded $8000, his insolvency subsequent to the transfer is apparent.

The defendant's argument to the contrary is premised upon his undocumented contention that he was able to continue making regular payments on his debts, in accordance with agreements with his creditors, and thus would be able timely to retire the debts even without the property transferred. This argument overlooks two important facts: he had, at the time of the conveyance, made no arrangement with the plaintiff to pay the arrears he owed her for pendente lite alimony and support; and he then knew that his employment had been terminated by his employer so that his substantial income from that source would shortly cease, thus impairing his future ability to make regular payments to his other creditors.

The defendant's argument that the plaintiff was not, at the time of the conveyance, a creditor

entitled to complain of the fraudulent conveyance is equally unavailing. In this case the defendant's debt to the plaintiff for unpaid alimony and support pendente lite existed at the time the defendant conveyed his interest in the marital home to the trustee. The plaintiff was therefore an existing unpaid creditor to whom the defendant was then indebted.

We conclude that there was ample evidence from which the trial court could have found, as it did, that the defendant's transfer of the marital home to Keywork was constructively fraudulent as to the plaintiff. The court thus did not err in concluding that it could properly set the conveyance aside pursuant to General Statutes § 52-552.

The defendant's final claim of error purports to challenge the form of the court's order with regard to the transfer of his interest in the marital home. Conceding that the conveyance, if avoidable, may be nullified for the benefit of the plaintiff, the defendant maintains that the court lacked the authority to order a residual trust for the benefit of his children. The order in question established a trust for the minor children of the marriage, consisting of one-fourth of the value of the marital home, contingent upon the plaintiff's sale of the home or her remarriage prior to the majority of the younger child. The defendant lacks standing to attack this order because he had no interest in the disposition of the asset once it was determined that it should be transferred to the plaintiff. Further, he attacks an order which would, upon the occurrence of one of the triggering contingencies, partially effectuate an objective identical to that of the trust which he had himself created. It was for the preservation of that trust that he brought this

appeal and upon the basis of his interest in doing so that we have concluded that he has standing to maintain this appeal. We can discern no injury to the defendant from this order.

There is no error.

In this opinion the other judges concurred.