DARLENE JOANNE RANNO, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ranno v. Commissioner
Docket No. 7003-89
United States Tax Court
T.C. Memo 1990-599; 1990 Tax Ct. Memo LEXIS 674; 60 T.C.M. (CCH) 1306; T.C.M. (RIA) 90599; November 26, 1990, Filed *674 Decision will be entered for the respondent. Darlene Joanne Ranno, pro se. John Aletta, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code, and Rules 180, 181, and 182. All section references are to the Internal Revenue *675 Code, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined petitioner was liable for unpaid 1984 Federal income taxes, additions to tax in the amount of $ 6,192.84, plus interest as provided by law, as a transferee of assets of John Robert P. Jennings. The issue for decision is whether petitioner Darlene Joanne Ranno is liable for the above amounts as a transferee under section 6901. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner Darlene Joanne Ranno's legal residence was in Madison, Connecticut. She has known John Robert P. Jennings approximately 15 years and they have lived together since 1977. Jennings was the sole means of support for himself, petitioner, and their 15-month old child during 1984 and 1985. Jennings was a self-employed structural design engineer during 1984 and 1985. On February 7, 1985, Jennings transferred title to his residence to petitioner for no consideration. Jennings' stated reason for transferring the *676 property was that he wanted to ensure that Ms. Ranno and their child would have an asset available for their support in the event of his death or disability. Jennings continued to live at the house after the transfer. He also paid the mortgage and property taxes on the transferred property, and has claimed deductions for these payments on his tax returns. When Jennings filed his tax return for 1984, he did not enclose payment for the tax due. Instead, he attached a statement explaining his political views and his decision to cease paying federal income taxes. Three days later he withdrew dividends totaling $ 1,371.44 from the life insurance policy he held. On August 12, 1985, respondent assessed Jennings for the tax due, additions to tax, and interest due on his 1984 return. Respondent began its collection efforts in early 1986 and, after requests for payment had not been complied with, sent a Revenue Officer to Jennings' residence to collect the amounts due. Jennings informed the officer that he did not intend to pay these amounts and requested the officer to leave. The Revenue Officer continued his collection efforts by checking the local land records and levying Jennings' *677 life insurance policy and bank account. These efforts revealed no assets. After failing to collect the amounts due from Jennings, the Internal Revenue Service sent Darlene Joanne Ranno a notice of liability on August 15, 1989. The notice determined that she was liable for Jennings' 1984 unpaid tax, additions to tax, and interest as a transferee under section 6901. OPINION Section 6901 provides that in certain cases respondent may proceed directly against a transferee of property for the assessment and collection of taxes owed by the transferor. For transferee liability to exist, however, respondent must show that "all reasonable efforts were made to collect the tax liability from the transferor before proceeding against the transferee." Sharp v. Commissioner, 35 T.C. 1168, 1175 (1961). Then, the substantive liability of the transferee must be established under state law. Commissioner v. Stern, 357 U.S. 39 (1958). In Connecticut, transferee liability is determined under the state's fraudulent conveyance statute. Adams v. Commissioner, 70 T.C. 373, 389-390 (1978), supplemental opinion 70 T.C. 446 (1978), modified *678 on other grounds 72 T.C. 81 (1979), affirmed without published opinion 688 F.2d 815 (2d Cir. 1982). Petitioner contends that she is not liable as a transferee because all reasonable efforts to collect the tax and interest due from Jennings were not made. The basis for this contention is that respondent did not levy on the income sources Jennings listed with his 1984 tax return. Respondent asserts that it made all reasonable collection efforts, citing its letters and visit to Jennings, its search of the local land records, and its levy of Jennings' known assets. The reasonableness of respondent's collection efforts depends upon the facts of the individual case. See Zadorkin v. Commissioner, T.C. Memo. 1985-137. What is salient here is that the income sources Jennings listed on his return were companies he had worked for in 1984, approximately two years before collection efforts began. It was not likely that these sources would currently owe Jennings any money. Nor was it especially likely that Jennings was still working for these companies, as he was an independent contractor, not an employee. We find that respondent did make all reasonable *679 efforts to collect the unpaid tax and interest from Jennings. Petitioner also contends that irrespective of respondent's collection efforts, Jennings' transfer of his house was not a fraudulent conveyance. Connecticut's fraudulent conveyance statute, Conn. Gen. Stat. section 52-552, provides: All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs.
The Connecticut courts have interpreted this statute as giving respondent the burden of proving that the conveyance was either constructively fraudulent or actually fraudulent. A constructively fraudulent transfer is a transfer made without substantial consideration by a person who is or will be thereby rendered insolvent. An actually fraudulent transfer is one made with the actual intent to avoid a debt or duty. Molitor v. Molitor, 184 Conn. 530, 440 A.2d 215, 218 (1981).Respondent contends that *680 Jennings' transfer of his house was fraudulent under both theories. As to the contention that the transfer was constructively fraudulent, there is no dispute that Jennings was solvent at the time of the transfer. What must be determined is whether he was insolvent immediately after the transfer. In Connecticut insolvency is determined by balancing assets against liabilities. United States v. Edwards, 572 F.Supp. 1527, 1535 (D. Conn. 1983).A transferor is insolvent when his debts exceed the amount of his assets. Molitor v. Molitor, 440 A.2d at 219. Based on this record, we find that Jennings was insolvent immediately after the transfer of his residence. His assets were not in excess of $ 10,500 and his liabilities were at least $ 49,000, including the mortgage on the property of approximately $ 36,000. Because Jennings' liabilities exceeded his assets after the transfer, we find that Jennings' transfer of his house to Ms. Ranno did render him insolvent. Although petitioner asserts that Jennings had an unspecified amount of cash sufficient to pay his taxes, there was no evidence to support this other than Jennings' testimony. According *681 to his own testimony, Jennings did not know the amount of money he had at the time of the transfer, where he kept it, or how it was eventually spent. Since the transfer of the residence to petitioner rendered Jennings insolvent, respondent has met its burden of proving constructive fraud. Accordingly, it is not necessary to consider respondent's contention that the transfer was also made with fraudulent intent. Bizzoco v. Chinitz, 193 Conn. 304, 476 A.2d 572 (1984).Because petitioner is the transferee of a fraudulent conveyance under Connecticut law, she is liable under section 6901 for the tax, additions to tax, and interest owed by Jennings. Decision will be entered for the respondent.