[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
In the original complaint the above two named parties, Wife plaintiff and Husband defendant, were the sole contestants to this action dated July 20, 1988.
However, on or about August 3, 1988 the plaintiff filed an amended complaint. Plaintiff charged that the quitclaim deed conveyance by her husband, Emanuele of 2/3 of his property at #50 Emmett Avenue, Derby, Connecticut, to his parents Guiseppe and Carmina, without consideration was made with an actual intent to defraud her in which the grantees participated.
From the date of marriage until the present, the defendant Emanuele Tessitore refused to put his wife's name on the deed to the aforementioned property. Secretly, he executed a quitclaim deed of 2/3 of the property to his parents Guiseppe and Carmina. It was not recorded until after the plaintiff filed suit for divorce against the defendant, an obvious effort to deprive the plaintiff of any interest in the property.
The acts of the grantor of attempting to convey the property to the grantees is fraudulent. Molitor v. Molitor, 184 Conn. 530.
Through error the court failed to note the amended complaint filed by the plaintiff, 4/12/89, and her motion to cite in as third party defendants, the grantees Guiseppe and Carmina Tessitore that was granted by Freedman, J. on May 2, 1989.
The plaintiff's motions for extension of time within which to appeal, and Motion to Open and Vacate Judgment filed January 25, 1991 shortly after the court's publication of its Memorandum of Decision on January 17, 1991, are granted.
After the service of process on Guiseppe and Carmina Tessitore and Emanuele Tessitore, Attorney Giacinto G. Costa filed an appearance for all parties.
The court heard the attorneys for the plaintiff and defendants on January 31, 1991, and thus now files this corrected memorandum of decision. The defendants' Motion to Correct Judgment is denied. CT Page 1364
The plaintiff whose maiden name was Simone and the named defendant were intermarried on September 6, 1980 in Derby, Connecticut.
The parties have resided continuously in this state for at least one year next before the date of this complaint.
There are two minor children born to the plaintiff wife, issue of this marriage.
Carmina Kathy — date of birth — November 5, 1981.
Elena Sophia — date of birth — November 2, 1982.
No other children have been born to the wife, and none have been adopted.
Neither plaintiff nor defendant is or has been a recipient of financial aid from the state of Connecticut, any sister state or the federal government.
Between September 6, 1980 and the date of this complaint, the marriage has broken down.
The trial began on December 11, 1990 and concluded on December 17, 1990 including final arguments.
The court takes jurisdiction of this matter and finds that the marriage of these parties is broken down irretrievably, and that there is no reasonable hope of reconciliation. Whereupon, it is adjudged that the marriage of the parties to this action be and it is hereby ordered dissolved, and they are each declared to be single and unmarried.
After having heard the parties and their witnesses, the court finds as follows.
The couple met and started dating in Derby, Connecticut in 1975, plaintiff and defendant were both employed.
They became engaged in 1978 the plaintiff claims, and desired to find and buy a house to live in after their planned marriage.
Not finding a house to their liking they rented an apartment and in 1979 they bought a lot in Derby and planned to build a house on it. The lot was paid for by the defendant and he ordered that the deed name him as the grantee and this was done.
They went to an architect to draw the plans for their house to be built on their lot at #50 Emmett Avenue in Derby, CT Page 1365 Connecticut, and thence to a builder who built the house, with the lot and house deeds naming defendant as the sole owner.
The plaintiff seeking to be named on the deed to the property asked the defendant to have her name put on the deed. The defendant told the plaintiff that since she had an interest in a small business it would be wise to keep her name off the deed in order to keep their house from being liable for any damages she might incur as a part owner in the shop. After the house was built she sold her shares in the shop and demanded she be named in the deed as part owner in the property at #50 Emmett Avenue. The defendant demurred and while arguing over this, he struck her and she broke the engagement.
After defendant promised to never strike her again, they made up. She (plaintiff) had $6,000. saved, including the $2,500. she had received for her interest in her former business.
Her money was used for their honeymoon and construction of their house, along with other money of hers.
They married on September 6, 1980 and moved into their house and plaintiff again asked to have her name put on the deed and defendant refused, and did so again, and again, and in the course of the arguing he struck her on divers occasions. She left him several times and returned each time after he promised to "put her name on the deed." He never did and plaintiff filed suit for divorce and dissolution. Six days after plaintiff's filing, defendant's father filed a quitclaim deed in the Derby Town Clerk's Office that granted a 2/3 interest in the Emmett Avenue property to the defendant's father and mother. This was apparently done at the defendant's behest to block out any claims to the property that the plaintiff might make.
The defendant testified that he had quitclaimed the interest in the property to his parents long before it was recorded, yet at all times prior thereto he had proclaimed to the public, his bank and the IRS that he was the sole owner, and indeed, prior to the recordation, he was the apparent sole owner.
This is a marriage of some ten years duration during most of which time the defendant deceived or tried to deceive and deprive the plaintiff of her expected one-half interest in their home at #50 Emmett Avenue in Derby, Connecticut.
Whatever, it shows a course of conduct on the defendant's part, that is not ot conducive to the preservation of a marriage and the court so finds.
The court has properly considered and weighed the CT Page 1366 applicability of all statutory factors prior to deciding this case.
The court finds and decides as follows.
Plaintiff put money into the building of their house, she worked and helped to support herself and their children. She bore children for the defendant. She kept their house and relied on defendant's word that she would be a part owner of their home. The defendant deceived and defrauded the plaintiff.
Custody of the two minor children is granted to the plaintiff with liberal and regular visitation accorded to the defendant. Counsel for the children has allegedly worked this out, and is to aid the parties if necessary.
Under the authority of 46b-81 of the C.G.S., the house at #50 Emmett Avenue, and the land it sits on of the defendant husband is hereby ordered to be assigned to the plaintiff wife. Sufficient evidence was presented that the quitclaim conveyance was a fraudulent act against the plaintiff perpetrated by Emanuele, Guiseppe, and Carmina Tessitore.
Guiseppe and Carmina Tessitore are parties to this action, hence the court has the power to invoke any rights on behalf of the plaintiff against them. 52-552 C.G.S. The wife has received the husband's 1/3 interest in this property now as well as the 2/3 interest he gave to his parents, Guiseppe and Carmina.
The defendant is ordered to pay to the plaintiff support for the minor children until age eighteen in the sum of $125.00 per week for each child.
The children's bank accounts are to remain as they are.
The defendant is ordered to pay the remaining second mortgage balance of some $19,000., thus making the Emmett Avenue property subject only to a first mortgage.
The defendant is ordered to pay the plaintiff one-half of the cash amounts on deposit in his name in the Sikorsky Savings Plan, or in any other bank or savings institution.
The defendant is ordered to pay to the plaintiff alimony in the sum of $25.00 per week for five years or less, if she elects to forego it, and/or remarries, in that time.
The defendant is ordered to transfer the Chevrolet Cavalier automobile to the plaintiff wife. CT Page 1367
The defendant is ordered to maintain medical and dental insurance coverage on their children until they each reach the age of eighteen and to pay one-half of all uninsured medical and dental costs.
Defendant is ordered to maintain a $100,000. life insurance policy on his life with the children named as beneficiaries, until they reach the age of eighteen.
The plaintiff's interest in the State Street and Spring Street properties in Ansonia, Connecticut, is hereby ordered assigned to the defendant by authority of this court and 46b-81
of the C.G.S.
WILLIAM B. RAMSEY STATE TRIAL REFEREE