[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Stamford Color Plate, Inc. (hereinafter "SCP") has moved to vacate the court's order of May 24, 1991 on the grounds that the court refused to allow counsel to present argument and offer evidence in support of the defendant's contention that this court (Driscoll S.T.R.) had no jurisdiction to enter its order concerning the mortgages owned by it.
 I
The plaintiff asserts that this defendant has no standing to even make this motion or any other motion for that matter, because all of the issues presented by these motions have been rendered moot as of June 19, 1990 when the defendant assigned its interest in and to a mortgage note and deed given by the Shelter For The Homeless Inc. (hereinafter "SFH") as part of the consideration for the purchase of SCP's building.
The defendant agrees with this proposition and further argues that this court is powerless to order any effective relief against it because it is "unable to release the obligation which is owed from SFH or for that matter, the mortgage securing it." Thus the defendant argues, this court had no jurisdiction to enter its order of May 24.
Neither side has cited any legal authority for its theory of mootness. The principle of mootness implicates the subject matter jurisdiction of the court and constrains the court to consider it as a threshold matter. State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 181. CT Page 6888
The parties each rely on SCP's divestiture of interest in the mortgage(s) as evidence of mootness. The plaintiff argues mootness from the standpoint of standing or aggrievement, Mystic Marine Life Aquarium Inc. v. Gill, 175 Conn. 483, 493 and the defendant argues it from the standpoint of the court's inability to grant practical relief on the merits. State v. Tippets-Abbett-McCarthy-Stratton, supra at 181.
Although not expressing it in so many words, the plaintiff invokes the Goldfeld rule wherein the Appellate Court held that a zoning litigant's status as an aggrieved party, which stems from his interest in the property involved, must be sustained throughout the course of his appeal Goldfeld v. Planning and Zoning Commission, 3 Conn. App. 172, 177. A similar question was involved in Gaudio v. Gaudio, 23 Conn. App. 287 304. The test in this case is whether SCP still has a "legal interest" in the subject matter of this action as opposed to mere status as a party. The answer to this test is found in the fact that as the Appellate Court noted, SCP is a party to a stipulation which became an order of the court (Dean, J.) pursuant to which its assets were to have been transferred to an escrow account pending execution of the judgment in that case.
An examination of the stipulation as well as the court's order as modified by Judge Katz's order of October 9, 1990, reveals that they both direct an escrowee to secure and hold for the above purpose, not only any purchase money mortgage(s) but also any cash and any interest or payments due on the mortgage(s). So, while SCP may have stripped itself of bare legal title to the mortgage it clearly has an interest in the proceeds of the mortgage and as such, retains a clear legal interest in the subject matter of this action. This is to say nothing of the fact that by virtue of the stipulation, this defendant undertook to perform certain obligations which it now seeks to avoid by its voluntary act of assigning the mortgage. What State trial Referee Driscoll said in her original decision is equally applicable here. "The institution of judicial proceedings serves, as between the parties, to preserve the status quo from any impairment by fraud." Molitor v. Molitor,184 Conn. 530, 534; Gaudio v. Gaudio, supra at 309.
Neither this defendant nor its officers or agents can be allowed to thwart the orders of this court by placing the property dedicated to respond to its judgment beyond its jurisdictional reach.
The above conclusion is reinforced by the fact that the Appellate Court read the complaint in this action as making allegations and seeking relief against SCP's officers and CT Page 6889 agents. Thus, since no challenge has been made to subject matter jurisdiction based on Gaudio's lack of legal interest, the court plainly can grant relief against him as the agent of SCP. Gaudio v. Gaudio, supra at 296.
 II
SCP urges the court to vacate its May 24 order claiming that the court erred in declining to permit oral argument or an evidentiary hearing in support of its argument that state Trial Referee Driscoll did not have jurisdiction to enter an order concerning the mortgage(s) owned by it. This court treated that claim essentially the same way the Appellate Court treated a similar argument made in Gaudio v. Gaudio, supra at 305, n. 5 where the court refused to consider the merits of the claim because SCP had entered into the stipulation which became an order of this court. Gaudio v. Gaudio, supra at 314. As that court stated, "the parties to the stipulation are bound by it" and there is no need for this court to inquire further.
 III
At short calendar on June 24, the court indicated that were it to deny the motion to vacate it would consider the plaintiff's motion for judgment (#184). For the reasons stated above, the motion to vacate is denied except to the extent that paragraph 4 of the order is amended to delete all language after the word "Switzerland", it being the court's belief upon reconsideration that this portion of the order ought to be deferred until it can be considered in light of all of the facts which exist at that time. Otherwise, the order is reaffirmed in all respects and judgment may enter accordingly.
MOTTOLESE, J.