[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS', DOROTHY V. ARDITO AND NICHOLAS V. ARDITO, MOTION TO DISMISS
This action is an action for dissolution of marriage brought by the plaintiff husband against the defendant wife. On May 1, 1991, the court granted plaintiff's motion to cite in Nicholas V. Ardito and Dorothy V. Ardito, defendant's parents, the plaintiff claiming that they held property in which the plaintiff and the defendant had an interest, namely, the real property occupied by the Lumleys.
It is the plaintiff's claim that the Arditos entered into an agreement that upon the performance of certain work upon the property that they, the Arditos, were to convey the property to the plaintiff and the defendant. It is the plaintiff's claim, therefore, that this real property (49 Renchy Street in Fairfield) is marital property which the court has jurisdiction to assign pursuant to the provisions of 46b-81 of the General Statutes.
The defendants, Nicholas V. Ardito and Dorothy V. Ardito, have filed a motion to dismiss claiming that the court lacks subject matter jurisdiction since the matters alleged are outside the jurisdiction of Title 46b of the General Statutes and outside the scope of a dissolution proceeding.
Connecticut has adopted the rule that holds that, although the spouses are ordinarily the only proper parties to a dissolution action, joinder of intervention of third parties is permissible when third parties claim an interest involved in the proceedings. Molitor v. Molitor, 184 Conn. 530 (1981); Gaudio v. Gaudio, 23 Conn. App. 287, 293 (1990).
Here the plaintiff claims that the parties have an interest in real property standing in the name of the Arditos which real property is occupied by the plaintiff and the defendant. The plaintiff claims the real property is part of the marital property of the parties and so to be divided pursuant to the provisions of 46b-81 of the General Statutes. The plaintiff is entitled to be heard upon the allegations of his amended complaint. The defendant's motion to dismiss on that ground is denied.
The defendants next claim that they will be denied their right to a jury trial if the court permits the plaintiff to proceed in the dissolution action which is equitable in nature. This same claim was raised in the Gaudio case, supra. Practice Book provision 308 allows a party to claim a jury trial in a case presenting both legal and equitable issues. The defendants are not deprived of their right to a jury trial simply because this motion is joined with a dissolution CT Page 8135 proceeding. If the defendants have a right to a trial by jury of the issues alleged in the third party complaint, that right will not be denied them simply because it has been joined with a dissolution proceeding. Gaudio v. Gaudio, supra, 301. The dispositive issue is whether the plaintiff's third party complaint presents legal or equitable claims.
The defendants' claim of lack of jurisdiction because they will be denied their right to a trial by jury is also found to be without merit and overruled.
For all of the foregoing reasons, the defendants', Arditos, motion to dismiss is denied.
EDGAR W. BASSICK, III, JUDGE