[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
The plaintiff has moved for Summary Judgment as to the counterclaim filed by the trustee in bankruptcy, who has been substituted for the defendant, Jin Sung Bok. Essentially the counterclaim alleges that the bankrupt defendant, Bok, transferred his assets to the plaintiff's predecessor while he was insolvent, in that he purchased real estate for $1,100,000 by payment of $225,000 in funds and an $875,000 purchase money mortgage and note in favor of the seller. The counterclaim alleges that the property was worth less than half of the purchase price and that, under these circumstances, the transfer of assets from Bok to the seller is voidable under Section 52-552 as a constructively fraudulent conveyance.
First, the plaintiff claims that the trustee in bankruptcy, as a person acting on behalf of Bok, is precluded from using the provisions of Sec. 52-552, which provide that:
 "all fraudulent conveyances, suits — made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons, only, their heirs, executors, administrators or assignee, to whom such debt or duty belongs." CT Page 9671
The fact is that the trustee in bankruptcy is not acting as Bok's alter-ego. His position is that of fiduciary as to the creditors of Bok. In that capacity he was permitted to enter this case as a substitute defendant, but his responsibility is in part, to evaluate any claims that Bok may have which might be pursued for the benefit of Bok's creditors. He therefore is not precluded from the protections of Conn. Gen. Stat. Sec. 52-552.
The plaintiff further claims there are no unsecured creditors of Bok as of the date of this claimed fraudulent conveyance, (Except for his wife and mother who lent him $166,500.00 contemporaneously with his purchase of the property involved), and he claims that Sec. 52-552 only protects pre-existing creditors.
The only authority plaintiff points to for this position is Molitar v. Molitar, 184 Conn. 530 (1981). In that case, there happened to be a pre-existing debt at the time of transfer, but this Court does not conclude from that holding that a loan made contemporaneously with or just prior to a transfer of assets is outside the provisions of Sec. 52-552. It seems logical to infer, as the defendant points out, that someone who makes a loan to enable a purchase of real estate is entitled to the protection of the statute as a creditor under a theory of fraudulent conveyance. Nor should the status of the creditors as family members bar the counterclaim. There is no reason to conclude that family members who make a loan cannot be creditors.
The plaintiff also claims that Bok gave substantial consideration for the property, even if the purchase figure of more than double the market value is accepted, and she argues that a conveyance cannot be fraudulent unless there was not "substantial consideration".
The defendant's position is that "substantial consideration" is to be equated with "fair consideration". It appears to the Court that the term substantial must mean a reasonable and fair proportion under the circumstances. In determining the adequacy of consideration, the Courts should consider all the circumstances which factor into the decision of whether the consideration represents a fair and reasonable proportion between value and price paid. 37 Am. Jur. 20, Fraudulent conveyances, Sec. 19. This Court is not prepared to find there is no genuine issue as to the question of fair or substantial consideration.
The Court does not accept plaintiffs' position that the value of the land was per se, substantial. It is illogical CT Page 9672 to conclude that there is no relationship between the price paid and the value received. To hold otherwise would result in the inability to set aside a conveyance which is clearly fraudulent simply because the asset received happened to have a particular monetary value, regardless of the amount paid for it. A conveyance may be set aside as against any person except a purchaser for fair consideration — Molitor, supra, at page 535, 536. (emphasis supplied).
The question of whether the transfer in this case was fraudulent should be left for the trier as a question of fact.
The Motion for Summary Judgment is denied.
HON. LAWRENCE KLACZAK Superior Court Judge