[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 5, 1997
The plaintiff in this action seeks a writ of mandamus against the defendant ordering it to comply with orders of the Department of Environmental Protection (DEP) of the State of Connecticut. The order sought to be enforced was issued pursuant to Connecticut General Statutes § 22a-428.
The defendant has moved to dismiss the action for the reason that the plaintiff lacks standing, which claim has jurisdictional implications. Molitor v. Molitor, 184 Conn. 530, 532-33 (1981). Essentially, it is the claim of the defendant that § 22a-428 does not authorize a private cause of action and that enforcement of such orders must be accomplished by the DEP itself through the office of the Attorney General. This court agrees with the defendant that the plaintiff does not have standing to bring this action.
The defendant relies heavily on the case of Middletown v.Hartford Electric Light Co., 192 Conn. 591 (1984) in support of its position. While the plaintiff correctly points out thatMiddletown involved different statutes, the reasoning of that case would appear to be applicable to the case at hand.
The Water Pollution Control Acts provides for a detailed and complex regulatory scheme in which broad powers are vested in the DEP to protect the public interest. If orders issued pursuant to such powers were held to create a private cause of action, such orders would be subject to contradictory judicial interpretation which could lead to inconsistency which would be detrimental to the purpose of the legislation. Trial courts which have been CT Page 5050 called upon to consider this issue have held that such private causes of action cannot be maintained. See Andrews v. CaronBrothers, 6 CONN. L. RPTR. 214 (1992); Wiehl v. Dictaphone Corp.,
10 CONN. L. RPTR. 591 (1994): Oink, Inc. v. Ann Street LimitedPartnership, 12 CONN. L. RPTR. 547 (1994).
Therefore, it is the opinion of the court that the plaintiff does not have standing to maintain this action and the motion to dismiss is granted.
THOMPSON, J.