## LEO DERDERIAN *v.* ELIZABETH DERDERIAN ET AL.
### (2848)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued December 7, 1984—decision released April 16, 1985

*John H. Parks,* for the appellant (plaintiff).

*James J. Alaimo, Jr.,* with whom, on the brief, was *Edward Pontacoloni,* for the appellee (defendant).

DUPONT, C.P.J. The plaintiff, Leo Derderian, sought a partition of real estate, owned by him and the named defendant, Elizabeth Derderian,[1] as tenants in common. She counterclaimed seeking to set aside the conveyance to the plaintiff of his interest as fraudulent, and to obtain punitive damages. The case was tried to the court and judgment was rendered for the defendant on the plaintiff's complaint and on the first and second counts of her counterclaim.[2] The plaintiff has appealed.[3]

The trial court made findings of certain relevant facts. The defendant and the plaintiff's brother had been married to each other, and the plaintiff had obtained his interest in the realty from his brother. Prior to the transfer, the defendant had commenced a marriage dissolution action against the plaintiff's brother. The defendant and the plaintiff's brother had

---

[1] The town of Somers was also a defendant but is not involved in this appeal. We refer in this opinion to Elizabeth Derderian as the defendant.

[2] The defendant's counterclaim alleging a fraudulent conveyance is in two counts with one count premised on the common law fraudulent conveyance remedy; *White* v. *Amenta,* 110 Conn. 314, 318–19, 148 A. 345 (1930); and the other count premised on our fraudulent conveyance statute. General Statutes § 52-552. That statute provides: "All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs."

[3] This appeal originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c)

acquired joint title to the realty approximately sixteen years before the dissolution action was begun, and it was the marital home. At the time of the transfer, the plaintiff was aware of the pendency of the dissolution of marriage action. The plaintiff's brother removed himself from the state in order to frustrate the dissolution action. On the date of the transfer, the plaintiff's brother also conveyed other realty to the plaintiff. The plaintiff believed that money belonging to his family had made the acquisition of the marital home possible, and that if he and his brother did not act, the defendant would obtain title to the property. The plaintiff and his brother conspired to avoid any court judgment in the dissolution action, and agreed to the transfer of the property in order to defraud the defendant.

The dissolution of marriage action was dismissed, primarily because the brother had absented himself from the state. Subsequently, the defendant brought a second dissolution action which resulted in a judgment of dissolution. The brother did not appear in that action.

The Superior Court file in the second dissolution action[4] reveals that the defendant sought and received a transfer of the interest of her husband, the plaintiff's brother, in the subject property. The brother, thereafter, moved to open that judgment and vacate the property award, claiming a lack of personal jurisdiction over him. The motion was denied.

The plaintiff, on appeal, claims that the trial court erred (1) in setting aside the conveyance as fraudulent, (2) in awarding attorney's fees as punitive damages, and (3) in refusing to partition the real estate.

---

[4] An appellate court can take judicial notice of court files without notifying the parties. *Moore* v. *Moore,* 173 Conn. 120, 121–22, 376 A.2d 1085 (1977); *Collins* v. *York,* 159 Conn. 150, 151–52, 267 A.2d 668 (1970); Maltbie, Conn. App. Proc. § 313.

The plaintiff's challenges to the judgment which set aside the conveyance as fraudulent are trifold. He claims that the defendant failed to establish an underlying debt owed by his brother to her, that, in the absence of such proof, the brother as debtor-grantor was an indispensable party to the action without whom the trial court could not render the relief requested, and that the evidence was insufficient to prove a fraudulent transfer.

The first two grounds are interrelated since they both involve whether an underlying debt was established. Generally, an underlying debt must be established in an action to set aside a fraudulent conveyance. Annot., 24 A.L.R.2d 395, 411-12; 37 C.J.S., Fraudulent Conveyances § 331. That is so, among other reasons, because the creditor is only entitled to relief to the extent necessary to satisfy the debt. *Bizzoco* v. *Chinitz,* 193 Conn. 304, 306-307, 476 A.2d 572 (1984); *Doty* v. *Wheeler,* 120 Conn. 672, 679, 182 A. 468 (1936).

The plaintiff concedes that a dissolution of marriage action can provide the basis for the underlying debt. *Molitor* v. *Molitor,* 184 Conn. 530, 440 A.2d 215 (1981). The plaintiff attempts to distinguish that case by arguing that there the alimony and support award established the underlying debt while here, notwithstanding the property assignment rendered in the judgment of dissolution pursuant to the later action, no dissolution action commenced by the named defendant provided the underlying debt.

The second dissolution action commenced by the defendant resulted in the judgment whereby the right, title and interest of the plaintiff's brother in the realty was assigned to her. The plaintiff asserts that this second dissolution action cannot provide the underlying debt. He claims that the trial court in the present case did not take judicial notice of that action and struck

any reference to it from the record. Although the appeal record is ambiguous as to what consideration the trial court gave that judgment, one of the plaintiff's special defenses to the defendant's counterclaim acknowledges that the judgment in the second dissolution action contained an order relating to the subject property. The transcript also shows that the trial court knew that if the conveyance were set aside, the interest which the defendant's former husband had prior to his conveyance to the plaintiff would be hers pursuant to the judgment in that dissolution action.

The plaintiff also argues that the court, in the second dissolution of marriage action, had no personal jurisdiction over his brother, and that the judgment rendered therein was void. The contrary is true since the trial court in that action denied the brother's motion to set aside the judgment.[5] The denial of such a motion is appealable. *Trichilo* v. *Trichilo,* 190 Conn. 774, 462 A.2d 1048 (1983). No appeal was taken, and the trial court's judgment is res judicata as to that issue in any subsequent actions. *Insurance Corporation of Ireland, Inc.* v. *Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706, 102 S. Ct. 2099, 72 L. Ed. 2d 492, cert. denied, 457 U.S. 1105, 102 S. Ct. 2902, 73 L. Ed. 2d 1312 (1982).

The plaintiff further attacks the judgment in the second action for dissolution of marriage by claiming that the court had no power to render a decree affecting that property. Although that court had no authority to dispose of the plaintiff's interest in the realty, it did have the authority to dispose of whatever interest the brother, the defendant in that case, did have. Other jurisdictions have upheld judgments in dissolution of marriage actions which potentially disturb the interests of those not parties to a dissolution action by con-

[5] The motion is more appropriately termed a motion to open and vacate the judgment. *Monroe* v. *Monroe,* 177 Conn. 173, 413 A.2d 819 (1979).

struing the judgments as determinative of the right, title and interest in the property of the husband and wife, assuming that the property is an asset of the marital estate. *Melny* v. *Melny,* 90 Cal. App. 2d 672, 676, 203 P.2d 588 (1949); *Hazard* v. *Hazard,* 17 Or. App. 229, 232, 521 P.2d 29 (1974); *Saylor* v. *Saylor,* 20 S.W.2d 229, 231 (Tex. Civ. App. 1929); *Reilly* v. *Reilly,* 671 P.2d 330, 333 (Wyo. 1983); *Merritt* v. *Merritt,* 586 P.2d 550, 554–55 (Wyo. 1978).

A judgment in a dissolution of marriage action may, therefore, contain the judicial seeds of the divestment of a claimed interest in realty belonging to those other than the parties to the action. If a judgment in a dissolution of marriage action is subsequently, collaterally attacked by a third person who took his interest after it or after another earlier aborted action between the same marital parties was pending, knowing of the pendency of those actions, and who could have, but did not intervene in those actions, the judgment will nevertheless stand.[6]

In the present action, a precise, underlying debt of the brother to the defendant had been determined in the second dissolution of marriage action. That debt was the award of the marital home to the defendant. Since there was an established debt at the time of the present partition action, the brother was not an indispensable party in the action.

The plaintiff also attacks the trial court's finding of a fraudulent conveyance claiming insufficient evidence was adduced at trial to prove that the conveyance was fraudulent. "A person to whom the grantor was indebted and who wishes to avoid the conveyance has

---

[6] The better practice would have been the joinder of the plaintiff in this case in the second dissolution action so that the issue of the alleged conspiracy of the plaintiff with his brother to defraud the defendant of the marital asset could have been determined. *Molitor* v. *Molitor,* 184 Conn. 530, 440 A.2d 215 (1981).

the burden of showing either (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligation or (2) that the conveyance was made with a fraudulent intent in which the grantee participated." *Bizzoco* v. *Chinitz,* 193 Conn. 304, 312, 476 A.2d 572 (1984). The trial court concluded that the defendant had produced sufficient evidence to satisfy both grounds. The defendant will prevail if she has satisfied her burden on either of the two tests. Id. There was sufficient evidence to support the trial court's finding that the conveyance was made with a fraudulent intent in which the grantee participated.

The plaintiff challenges the court's finding by arguing that much of the evidence admitted and considered by the trial court was hearsay. This claim is both untimely and addressed to the wrong forum. Practice Book § 3063; *Aetna Life & Casualty* v. *Miscione of Connecticut, Inc.,* 193 Conn. 435, 437, 476 A.2d 577 (1984). The plaintiff did not object to the introduction of the evidence. Hearsay evidence admitted because no objection was voiced can be considered to prove the matters in issue for whatever its worth on its face. *Sears* v. *Curtis,* 147 Conn. 311, 317, 160 A.2d 742 (1960).

The plaintiff also claims testimony elicited at trial and considered by the court was irrelevant, but no transcript references relating to specific examples are provided, nor does the claim conform to the rules. Practice Book § 3060F (c) (3). The plaintiff, in addition, argues that the trial court unduly emphasized certain evidence adduced at trial. The weight and probative force of the evidence is for the trier not the appellate court. See *Perl* v. *Case,* 3 Conn. App. 111, 115, 485 A.2d 1331, cert. denied, 195 Conn. 803, 491 A.2d 1103 (1985). The trial court did not err in setting aside the conveyance as fraudulent.

The second principal argument of the plaintiff is that the trial court erred in awarding attorney's fees to the defendant on the basis of her counterclaim.

The trial court and the defendant relied on common law tort actions as authority for the proposition that the defendant was entitled to punitive damages, namely, attorney's fees, in an action to set aside a fraudulent conveyance. The reliance is misplaced. Common law principles do not authorize a general creditor to pursue the transferee in a fraudulent conveyance action for anything other than the specific property transferred or the proceeds thereof. *Austin* v. *Barrows,* 41 Conn. 287, 299 (1874); *Smith* v. *Blake,* 1 Day 258, 262 (1804); see also annot., 11 A.L.R.4th 345; 37 C.J.S., Fraudulent Conveyances § 279; Glenn, Fraudulent Conveyances (Rev. Ed. 1940) § 74.

The only relevant statute invoked by the defendant as a basis of her fraudulent conveyance action is General Statutes § 52-552. The language of that statute provides that a conveyance made with an intent to avoid a debt or duty belonging to others is voidable but it does not provide for an award of punitive damages. The defendant, in her brief, cites no Connecticut case which construes that statute to provide for such an award. For a party to be entitled to a statutory remedy, her prayer for relief must be specifically based on that statutory remedy. *Alaimo* v. *Royer,* 188 Conn. 36, 43, 448 A.2d 207 (1982). The trial court erred in awarding punitive damages to the named defendant.

The plaintiff's final claim of error, that the trial court erred in refusing to partition the subject property, has been disposed of by the affirmance of the trial court's setting aside of the conveyance to him as fraudulent. The trial court, moreover, properly denied such equitable relief because the granting of such relief would, in effect, condone the plaintiff's attempted defrauding of

the defendant's marital rights and thereby injure the integrity of the court. *Pappas* v. *Pappas,* 164 Conn. 242, 245–47, 320 A.2d 809 (1973).

There is error in part, the judgment is set aside as to the award of punitive damages and the case is remanded with direction to vacate the award of damages.

In this opinion the other judges concurred.