[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alfred Rossetto, instituted suit against Barry Chesler (Chesler), William Atkinson and R. N. Croce, d/b/a A-C Realty of Bristol (A-C Realty), and Sunrise Consolidated, Inc. (Sunrise) in a two-count complaint. The plaintiff alleges that on December 18, 1986, the defendant Chesler and Mitchell Raffel (not a defendant) deeded certain property located in Bristol to the defendant A-C Realty. On the same day, A-C Realty mortgaged the same property in the principal sum of $330,000 to Chesler and Mitchell Raffel. On September 27, 1988, Chesler "purportedly" assigned his interest in the mortgage to the defendant Sunrise. On October 19, 1988, the plaintiff "garnished the value of $433,484.64 all debts owed by CT Page 3769 A-C Realty to Chesler." The plaintiff further alleges that the assignment by Chesler to Sunrise "was made without consideration and with the intent to prevent it from being taken by legal process and with the intent thereby to defraud Rossetto [the plaintiff] and prevent Rossetto from securing payment of Chesler's indebtedness to him. The purported assignment deprived Chesler of sufficient means to satisfy his indebtedness to Rossetto."
In Count One, the plaintiff alleges that the above facts constitute a fraudulent conveyance under Conn. Gen. Stats.52-552. In Count Two, the plaintiff alleges that the same facts constitute a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stats. 42-110b (CUTPA). The plaintiff seeks a declaratory judgment and damages, punitive damages and attorney's fees.
Chesler and Sunrise separately move to strike the CUTPA count, arguing that the facts alleged are insufficient to state a CUTPA claim. Additionally, Chesler moves to strike the plaintiff's request for punitive damages and attorney's fees. The plaintiff has filed memoranda in opposition to the motions.
A party may contest in a motion to strike "the legal sufficiency of the allegations of any complaint." Conn. Practice Book 152(1). A motion to strike "admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, 196 Conn. 91, 108 (1985). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
1. Count Two — CUTPA
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair acts or practices in the conduct of any trade or commerce." Conn. Gen. Stats.42-110b(a).
In support of his CUTPA claim, the plaintiff merely incorporates the facts alleged in support of his fraudulent conveyance claim. The plaintiff has not alleged additional facts to show how Chesler and Sunrise engaged in "unfair acts or practices in the conduct of any trade or commerce." The plaintiff has not alleged facts to show how the alleged fraudulent conveyance "offends public policy," is "unfair," "immoral, unethical, oppressive or unscrupulous," or that the plaintiff has suffered "substantial injury." Conway v. Prestia, 191 Conn. 484, 492-93 (1983). CT Page 3770
Therefore, Chesler's and Sunrise's motions to strike Count Two is granted.
2. Claims for relief
The court, by striking Count Two, also strikes the plaintiff's request for attorney's fees as they are authorized under CUTPA but not under the fraudulent conveyance statute. "[A]ttorney's fees . . . are not allowed to the successful party absent a contractual or statutory exception." Marsh, Day 
Calhoun v. Solomon, 204 Conn. 639, 652 (1987).
Additionally, the motion to strike the request for punitive damages is granted. "The [fraudulent conveyance statute] provides that a conveyance made with an intent to avoid a debt or duty belonging to others is voidable but it does not provide for an award of punitive damages." Derderian v. Derderian, 3 Conn. App. 522, 529 (1985). The plaintiff his not alleged facts sufficient to support a claim for punitive damages.
O'Connor, J.