[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION DEFENDANT'S MOTION TO STRIKE
The plaintiff alleges she is the former wife of a decedent, Arthur Lamborn — their marriage having been dissolved by a decree of dissolution entered in the superior court for this judicial district on November 23, 1983. The plaintiff alleges that the decree required the decedent to maintain certain life insurance policies with the plaintiff designated as beneficiary.
The plaintiff alleges that, before his death, the decedent changed the beneficiary on the policy from the plaintiff to the defendant, Marian Lamborn, and assigned ownership of the policy to her. Upon the death of Arthur Lamborn, the proceeds of the policy, in the amount of $188,000, were paid to the defendant.
The plaintiff alleges, in her eight count amended complaint, that the defendant holds that money in a constructive trust for the benefit of the plaintiff and that the change of beneficiaries constitutes a fraudulent conveyance under General Statutes Section 52-552 and under the common law.
In the fifth and sixth counts, the plaintiff alleges that the change of beneficiary designation and the assignment of ownership of the policy (or of a replacement policy) was made by Arthur Lamborn "without substantial consideration and rendered the decedent and his estate unable to meet his obligation to the plaintiff."
The defendant has moved to strike these counts on the basis CT Page 1220 that in each of the counts the plaintiff has alleged a fraud was committed by the decedent, Arthur Lamborn, and that the defendant, Marian Lamborn, is not a proper party as she did not commit the fraud.
The defendant argues that since she is not alleged, in these counts, to have committed a fraudulent act, she cannot be held liable in fraud.
The plaintiff contends, however, that these counts state a cause of action under a theory of constructive fraud requiring only "a finding that the conveyance rendered the transferor unable to meet a particular obligation." The plaintiff asserts that since these counts allege that a change of beneficiary was made without substantial consideration and which rendered Arthur Lamborn and his estate unable to meet the obligation created by the divorce decree, the elements of constructive fraud have been sufficiently pleaded to withstand a motion to strike.
 I The party seeking to set aside a conveyance as fraudulent bears the burden of proving either: (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated. Bizzoco v. Chinitz, 193 Conn. 304, 312, 476 A.2d 572 (1984); Zapolsky v. Sacks, 191 Conn. 194, 200, 464 A.2d 30 (1983). The party seeking to set aside the conveyance need not satisfy both alternatives. Bizzoco v. Chinitz, supra.
Tyers v. Coma, 214 Conn. 8, 11, 570 A.2d 186 (1990).
In Bizzoco, the Supreme Court upheld the trial court's finding as fraudulent a conveyance of a husband's interest in their marital home to his wife and its finding that the conveyance was null and void as to the plaintiff, on the conclusion that the evidence established that after the conveyance of his interest in the real estate the husband was unable to pay the plaintiff's debt. Bizzoco, supra at 312. Applying that standard, the plaintiff has sufficiently pleaded a cause of action for fraudulent conveyance
 II.
Implicit in the defendant's motion and memorandum is that the estate of Arthur Lamborn is the proper and necessary party. CT Page 1221
In the case of Derderian v. Derderian, 3 Conn. App. 522,490 A.2d 1008 (1985), the plaintiff, a brother of the defendant's former husband, bought an action to partition real property, the defendant's marital home. The plaintiff had been conveyed that interest in the home by his brother while the defendant's dissolution action was pending. In the dissolution action, the defendant was awarded her husband's interest in the real property. The defendant counterclaimed in the partition action alleging the conveyance to the plaintiff by her former husband was fraudulent. The former husband was not made a party although the plaintiff claimed he was a necessary party. The Appellate Court agreed that the defendant had to establish an underlying debt from her former husband to herself in order to set aside the conveyance as fraudulent. However, the court held:
 In the present action, a precise underlying debt of the brother to the defendant had been determined in the second dissolution action. That debt was the award of the marital home to the defendant. Since there was an established debt at the time of the present partition action, the brother was not an indispensable party in the action.
Derderian, supra at 527.
In the present action, the plaintiff has alleged a precise debt, the proceeds of the insurance policy which she claims was awarded to her by the dissolution decree. Following the rationale of Derderian, the decedent's estate is not an indispensable party.
The motion to strike is denied.
NIGRO, J.