[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR STAY (#126)
The plaintiff in the present case, Cylde Tyler, is a Rocky Hill police officer who was previously the defendant in an action brought by Philip Schnabel, then Rocky Hill police chief. See Schnabel v. Tyler, CV 88-0349210, Judicial District of Hartford-New Britain at Hartford. In the prior action, Philip Schnabel sued Tyler for defamation. Tyler counterclaimed alleging, inter alia, violations of his civil rights and intentional infliction of emotional distress. The co-defendant in the present case, Ruth Schnabel, was not a party to the prior action. That suit resulted in a jury verdict in favor of Tyler on the complaint and on the counterclaims. Philip Schnabel appealed that award to the Appellate Court. The Appellate Court affirmed the trial court's findings. See Schnabel v. Tyler, 32 Conn. App. 704, 630 A.2d 1361
(1993). On October 23, 1993, Philip Schnabel's petition for certification to the Supreme Court was granted as to two issues and the appeal is still pending.
The plaintiff in the present action, Clyde Tyler, filed a complaint on September 8, 1993, against Philip Schnabel and his wife Ruth Schnabel alleging fraudulent conveyances in violation of CT Page 3451 General Statutes Sec. 52-552, the Uniform Fraudulent Transfer Act. On October 23, 1992, plaintiff Tyler filed an amended complaint asserting essentially the same allegations as the original complaint — fraudulent conveyances. On November 30, 1993, the defendants Schnabel filed motion for stay arguing that plaintiff Tyler's action alleging fraudulent conveyances must be stayed pending the outcome of the supreme court decision. Plaintiff Tyler responded that the present action is separate from and unrelated to the underlying action currently before the Supreme Court, and therefore, a stay would only serve to delay this action.
When a petition for certification has been granted by the Supreme Court, as is the case here, any proceedings to enforce the judgment granted by the lower court are stayed pending resolution of the issues before the Supreme Court. Practice Book Sec. 4128, titled "Certification by Supreme Court — Stay of Execution" states:
 In any action, proceedings to enforce or carry out the judgment shall be stayed until the time to file the petition has expired; if a petition by a party or a request by the appellate panel for certification is filed, the proceedings shall be stayed until the supreme court acts on the petition and, if the petition is granted, until the final determination of the cause. . . .
Practice Book Sec. 4128.
"Generally, an underlying debt must be established in an action to set aside a fraudulent conveyance. That is so, among other reasons, because the creditor is only entitled to relief to the extent necessary to satisfy the debt." Derderian v. Derderian,3 Conn. App. 522, 525, 490 A.2d 1008 (1985).
It is clear from the complaint alleging fraudulent conveyances that the underlying debt owed to plaintiff by defendant is from the judgment rendered in plaintiff's favor in Schnabel v. Tyler.
This court does not consider the present action an action to enforce the prior judgment as granted. It involves other issues. There are counts based upon the Uniform Fraudulent Conveyance Act, Conn. Gen. Stat. Sec. 52-552 and the predecessor common law concerning fraudulent conveyance. The court is not satisfied that in order to bring and purses this action there must be a final judgment. CT Page 3452
The property claimed to be fraudulently transferred is $113,726.00 cash alleged to be transferred from Philip Schnabel to his wife in November 1990, That sum is claimed to have been subsequently used by Mrs. Schnabel to buy a house in her name only. This occurred subsequent to the June 8, 1988 notice being filed of the plaintiff's intent to sue Philip Schnabel and subsequent to suit being filed by the plaintiff against Philip Schnabel on February 20, 1990 but prior to the judgment of December 13, 1991.
The judgment was appealed and affirmed by the Appellate Court. The Supreme Court has granted certification as to certain limited issues and not as to others.
This court is now advised by counsel there are contested questions as to insurance coverage. It is claimed that even if the Supreme Court fails to affirm that part of the verdict other money judgments will stand. This court is not privy as to the pros and cons of the insurance coverage problems that do or do not exist.
Prejudgment remedy of attachment of the real estate in question has been denied by this court. (N. O'Neill, J.) The bases of that denial being that the moving party failed to carry its burden of establishing that there was probable cause that fraud could be proven by clear and convincing evidence.
A cause of action that arises out of Conn. General Statutes52-552a to 52-552l is barred by a four year Statute of Limitations pursuant to Conn. Gen. Stat. 52-552j. The limitation time runs from the time the transfer was made or the obligation was incurred. If this action were to be instituted subsequent to November, 1994 the court questions whether or not the defendant would not be pleading the four year Statute of Limitations claiming that the present action to be extinguished. It would appear that the plaintiff in this case were required to bring this action in a timely manner within four years of the transfer.
It would appear further that the disputed issues may not be ready for final determination, for trial on the merits. In view of the lack of security, the lack of ability to determine when the Supreme Court or any subsequent appellate court will determine finally the issue that remain the subject of appeal, the more practical and sensible approach is to deny the stay at this period of time. The reasoning of the court is to allow the parties to bring the matter to that status so that when the underlying matter CT Page 3453 on appeal is determined there would not be further delay for trial on the issues of fraudulent conveyance, the prevailing law than permitting.
JOHN WALSH, J.