[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The defendant has filed a motion to dismiss asserting lack of subject matter jurisdiction because a) plaintiff's claim is not ripe for adjudication; b) the action lacks an indispensable party.
I. [Ripeness]. The defendant has transformed into a subject matter jurisdictional challenge the simple issue of whether an unquantified claim which is the subject of pending litigation constitutes a claim within the meaning of § 52-552(b)3 of the General Statutes. While it is true that a pending case must present a justiciable controversy, [Pellegrino v. O'Neil],193 Conn. 670 (1984) and that "ripeness" has been equated with justiciability, [Neylan v. Pinsky], D. No. 0347072 (December 6, 1993, Zoarski, J.) the defendant misapplies the doctrine.
The defendant argues that because the plaintiffs do not have a final judgment in the underlying suit against Aboff, it may turn out that the plaintiffs have no claim at all when that suit is ultimately determined. There is nothing in § 52-552(b)(3) which requires that a claim mature to judgment or that it even be liquidated. The statute clearly provides to the contrary. In fact, by the time this case is reached for trial there may be a final determination of the amount of the claim. Under the statute, all that need be established at this point in time is the existence of the claim, not whether the claim is meritorious or whether the plaintiff is likely to recover. The motion to dismiss is denied on this ground.
II. [Lack of an Indispensable Party]. The defendant's reliance on [Derderian v. Derderian], 3 Conn. App. 522
(1985) is misplaced. Non joinder of a party is not a jurisdictional issue. The exclusive remedy for non joinder of an CT Page 4950 indispensable party is by motion to strike. P.B. § 198. [W.G. Glenney Co. v. Bianco], 27 Conn. App. 199 (1992). The motion to dismiss on this ground is likewise denied.
III. The defendant has also filed a motion to strike the case from the jury docket asserting that an action to set aside a fraudulent conveyance is essentially equitable. Because the plaintiffs have withdrawn the count which seeks recognition of a foreign judgment, the remaining focus of the case is that of fraudulent conveyance. Without reviewing in this opinion the substantial body of law which governs the subject of which issues are triable to a jury and which are not, the court is content to rely on the reasoning of Judge Fuller in [Weber v. Weber],4 CSCR 561, 562 (1989) which this court believes is dispositive. The motion to strike from the jury docket is denied.
MOTTOLESE, J.