[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE CASE
The plaintiff brought this action against the defendants who are brother and sister. It seeks to have the court find that a conveyance of an interest in real property located at and known as 49 Kelsey Avenue in West Haven was fraudulent. The conveyance took place on December 5, 1991. Prior to that date, each of the defendants owned a one-half interest in the property. The defendant Butler conveyed her one half interest to the defendant Noel without consideration.
The plaintiff bases its claim on the events immediately prior to and subsequent to the conveyance and the financial condition of Butler. The defendant Butler did not appear at trial, but Noel did and offered an explanation as to why he, consented to be the transferee of the property.
Just prior to trial, Noel conveyed a one half interest in 49 Kelsey Avenue to Butler, stating at trial that he wanted to get out of the litigation and eliminate all involvement with Butler. The defendant then moved that the court enter a summary judgment that would terminate the litigation as the property was back in Butler's name. The plaintiff objected and the court denied the motion on the grounds that the plaintiff had a damage claim occasioned by the conveyance and the necessity of bringing this suit, pending a finding that the conveyance was fraudulent.
ISSUES CT Page 753
The issues raised and to be decided are therefore:
 1. Was the conveyance of Dec. 5. 1991 fraudulent as to the plaintiff?
2. If so, what damages are appropriate as to each defendant?
 I
At the time of the conveyance, December 5, 1991, the Uniform Fraudulent Transfer Act (hereafter UFTA) was in effect as of October 1, 1991. The UFTA is found in C.G.S. § 52-552a et seq. Section 52-552e defines a fraudulent transfer:
 "Sec. 52-552e. Transfers fraudulent as to present creditors. (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made or the obligation was incurred and if the debtor made the transfer or incurred the obligation: (1) With actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."
From the defendant's admissions and reference to three foreclosure files (all brought against Nancy Butler by this plaintiff), it is undisputed that on November 1, 1991, Butler was in default on three separate loans made by the plaintiff. The transfer was on December 5, 1991, so that on that date she was a defaulting debtor under § 52-552e(a).
The UFTA as adopted offers guidance to the courts for cases alleging an intentional fraudulent conveyance (§ 52-552e(b)).
 "(b) In determining actual intent under subdivision (1) of this section, consideration may be given, among other factors, to whether: (1) The transfer or obligation was to an insider, (2) the debtor retained possession or control of the property transferred after the transfer, (3) the transfer or obligation was disclosed or concealed, (4) before the transfer was made CT Page 754 or obligation was incurred, the debtor had been sued or threatened with suit, (5) the transfer was of substantially all the debtor's assets, (6) the debtor absconded, (7) the debtor removed or concealed assets, (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred, (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred, (10) the transfer occurred shortly before or shortly after a substantial debt incurred, and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor."
Factor #11 above is not relevant to this case. The plaintiff claims to have proved nearly all 10 applicable criteria.
 A
The definition section of UFTA is § 52-552b. Subsection 7 includes a relative of a debtor as an "insider." Consequently, the first factor listed in § 52-552e(b) has been resolved in favor of the plaintiff.
 B
In support of its claim that the debtor retained possession or control over the property transferred after the transfer, the plaintiff introduced Exhibit SS. This exhibit is an agreement dated December 5, 1991 by and between the defendants, Nancy Butler and Lawrence Noel. Under its terms, Noel agreed not to sell, transfer, mortgage or encumber the one-half interest he had just acquired from Butler without her prior written consent, nor to sell it to anyone but Butler. Noel also agreed that if Butler predeceased the defendant's mother, he would transfer a one-half interest to their mother and if the mother died before Butler, he would transfer a one-half interest to the defendant's brother.
This agreement is significant in itself, but the circumstances of its appearance are startling. In discovery, these defendants responded to interrogatories posed by the plaintiff that there was no agreement between them covering this property. However, on the morning of trial, defendants' counsel provided plaintiff's counsel with what became Exhibit SS.
The existence of the agreement reflects unfavorably on the CT Page 755 testimony of Noel who offered a totally different explanation of how the transfer came about.
 C
Though the deed between these defendants was recorded, the terms embodied in Exhibit SS were not, and in fact its existence was denied until trial. Certainly, the true nature of the transaction was concealed. (§ 52-552e(b)3.)
 D
Though the three foreclosures had not actually been commenced, Butler, a licensed real estate agent, knew what would follow her defaults of November 1, 1991. No payments were made on the three loans after that date and Butler is presumed to have known that she faced the prospects of deficiency judgments. One must conclude that she transferred her interest in the unencumbered Kelsey Avenue property in order to put it beyond the reach of creditors. The debtor was certainly "threatened" with suit.
 E
The plaintiff has prepared a balance sheet, derived mainly from discovery disclosures as well as the foreclosure files, to show that on December 5, 1991, she had outstanding liabilities of almost $60,000. Her assets were bank accounts totalling about $5000. Though her equity in Kelsey Avenue was about $60,000, this asset is excluded in applying the test for insolvency under § 52-552c(d). Thus, the conclusion is inescapable that "the transfer was substantially all of the debtor's assets." (§ 52-552e
(b)5.) And, since the sum of her debts was greater than all of her assets, she was insolvent under § 52-552c(a).
By virtue of her failure to make payments on the three loans owed the plaintiff, the defendant Butler was not paying her debts as they were due. This is another definition of insolvency under § 52-552c, specifically subsection (b). The defendant thus satisfied the indicia of § 52-552e(b)9.
 F
It is undisputed that the transfer was made without consideration, thus fitting another indicia of a fraudulent CT Page 756 transfer, this being § 52-552e(b)8.
 G
Finally, the defendant Butler's actions corresponded to that in § 52-552e(b)10, in that the transfer was made shortly after a substantial debt was incurred. On December 2, 1991, she placed a mortgage on her residence in the amount of $99,000. The transfer occurred on December 5, 1991. In view of his financial situation, $99,000 must be defined as a "substantial debt."
 H
Once a creditor establishes that the indicia of fraud exist, the burden shifts to the debtor to present evidence, either that the conveyance was for consideration or that the debtor was not insolvent. (Citations omitted.)
The defendant Nancy Butler offered no evidence and in fact did not appear for trial. The defendant Lawrence Noel offered an explanation for this transfer, but that explanation failed to stand up under cross examination and close scrutiny. The existence of Exhibit SS, revealed just prior to the commencement of trial, the financial dealings of Butler and the lack of evidential support for the defendants' version of the event compel the conclusion that the defendants have not sustained their burden.
The court concludes that the plaintiff has proved by clear and convincing evidence that the transfer in question was fraudulently made with the intention to place the property in question beyond the reach of the plaintiff-creditor.
 I
The plaintiff asks the court to award damages and counsel fees, and as to Lawrence Noel, the imposition of a constructive trust on the one-half interest he holds on the Kelsey Avenue property.
Section 52-552h of the ufta addresses the remedies of creditors where a transfer is found to be fraudulent. The plaintiff points to subsection (a)3(c) as the basis for these claims, where, after enumeration of the remedies, that subsection states, "or (C) any other relief the circumstances may require." CT Page 757
In the instant case, the property transferred is available to be part of the remedy fashioned by the court.
Though the plaintiff cites a superior court decision that seems to support its position, there is an appellate court case which comes to a contrary conclusion. in Derderian v.Derderian, 3 Conn. App. 522, 529 (1985), the court said:
 "The trial court and the defendant relied on common law tort actions as authority for the proposition that the defendant was entitled to punitive damages, namely, attorney's fees, in an action to set aside a fraudulent conveyance. The reliance is misplaced. Common law principles do not authorize a general creditor to pursue the transferee in a fraudulent conveyance action for anything other than the specific property transferred or the proceeds thereof. Austin v. Barrows, 41 Conn. 287, 299 (1874); Smith v. Blake, 1 Day 258, 262 (1804); see also Annot., 11 A.L.R.4th 345; 37 C.J.S., Fraudulent Conveyances § 279; Glenn, Fraudulent Conveyances (Rev. Ed. 1940) § 74.
 The only relevant statute invoked by the defendant as a basis of her fraudulent conveyance action in General Statutes § 52-552. The language of that statute provides that a conveyance made with an intent to avoid a debt or duty belonging to others is voidable but it does not provide for an award of punitive damages. The defendant, in her brief, cites no Connecticut case which construes that statute to provide for such an award. For a party to be entitled to a statutory remedy, her prayer for relief must be specifically based on that statutory remedy. Alaimo v. Ryer, 188 Conn. 36, 43, 448 A.2d 207 (1982). The trial court erred in awarding punitive damages to the named defendant."
 CONCLUSION
The one-half interest in and to the real property located at and known as 49 Kelsey Avenue, West Haven and transferred from Nancy Butler to Lawrence Noel on December 5, 1991, and reconveyed to the said Butler by Noel on December 31, 1991, is subject to a constructive trust in favor of this plaintiff as of May 12, 1993, the date of the filing of the lis pendens by the plaintiff.
The plaintiff is entitled to its taxable costs. CT Page 758
Anthony V. DeMayo Judge Trial Referee.