[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 11, 1997
The plaintiff and the defendant were married on October 28, 1972. Their marriage was dissolved on June 2, 1992.
As part of their separation agreement incorporated into the judgment, the defendant was ordered to "list the wife as the beneficiary on $100,000 of assets which shall be his IRA's, pension or incentive savings plan." Par. 3.3.
The defendant died on October 10, 1996. The adult daughter of the parties, Tina M. Alix, was appointed administratrix of the estate of her father, who died intestate.
On December 11, 1996, the plaintiff filed a postjudgment motion entitled Application for Rule to Show Cause, etc. The application suggests that the defendant had not named the plaintiff as a beneficiary on the category of accounts listed in Par. 3.3 of the judgment. Rather the plaintiffs papers allege that an individual named W. Frances Holder was listed as the beneficiary of a Simplified Employee Pension Plan (SEP) with a value of approximately $90,000. The plaintiff seeks to cite in Ms. Holder as a third-party defendant to allow the court to fully determine whether the SEP belonging to the defendant at the time of his death and now claimed by Ms. Holder as her own is one that rightfully belongs to the plaintiff.
Ms. Holder has been served as has the decedent's estate. The proposed third-party defendant has moved to dismiss the plaintiffs action for two reasons: 1) that a third party may be CT Page 2688 cited in only when there is a claim of fraudulent conveyance, and 2) that the death of the defendant abated this action. The motion of the proposed third-party defendant Frances Holder is denied and the court will schedule a further hearing to determine the merits of the plaintiff's claim.
The first reason advanced for the dismissal is that the practice of citing third parties in to dissolution cases, either pre- or post-judgment, is limited to claims of fraudulent conveyance. Conn. Gen. Stat. Sec. 52-102 provides that in a civil action, a third party "shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . ." Sec. 52-102 (2). Likewise Conn. Gen. Stat. Sec. 52-107 states that "if a complete determination [of the controversy] cannot be had without the presence of other parties, the court may direct that such other parties be brought in."
In practical application, the opportunities for third-party intervention regarding property are quite limited in family matters, and beyond claims of fraudulent conveyance of property, they will continue to be quite rare.
While it is unclear whether these statutes govern family matters, the jurisprudential concerns they embody are as crucial in family matters as in civil matters. But here where a husband in a dissolution action was under an order to confer beneficiary status of a certain identifiable account on the other spouse, and failed to do so and rather conferred such benefit on a third party, the third party may hold such account or property in constructive trust for the beneficiary intended under the dissolution decree, and is a necessary party to the action to determine the property rights of all of the parties.
The case of Gaudio v. Gaudio, 23 Conn. App. 287 (1990), cited by the third party as supporting the motion to dismiss, rather supports just the opposite. Although that case expressly upheld the citation of a third party when a fraudulent conveyance was claimed, that holding is based on authority and rationale which covers the current controversy. The court adopted "the prevailing view in the majority of other jurisdictions [. . .] that a third person with a claimed interest in property that is the subject of a dissolution action may properly be joined as a party." Gaudiov. Gaudio, supra, at 293, citing 63 A.L.R 3d 373, Divorce — Third Parties' Claims Sec. 2 [a]. CT Page 2689
This court's determination that the third party's motion to dismiss should not be granted is also based on the likely scenario of duplicative litigation which would result if the court should rule otherwise. The plaintiff could attempt to proceed against the estate of the defendant in Probate Court. The plaintiff could bring a civil action against Ms. Holder. The plaintiff could proceed in the dissolution file for an order against the estate of the defendant. But rather than proceed in such a fashion, there is precedent for attempting to determine the property rights of all of the parties with due regard for judicial economy. See, e.g., Derderian v. Derderian,3 Conn. App. 522, 527 n. 6, cert. den., 196 Conn. 810 (1985).
The claim of the third party that further action against her cannot take place in the dissolution because the dissolution action abates on the death of one of the parties has no merit. Although there is some authority for the proposition that the action abates if it has not yet gone to judgment, the third party cites no authority at all for the proposition that the death postjudgment of one of the parties prevents the court from entering orders necessary to enforce its judgment.
The Motion to Dismiss of the third party Frances Holder is denied. The parties are ordered to contact the Family Caseflow Coordinator to schedule further proceedings. Should the parties be able to stipulate to the essential facts, the parties are encouraged to agree on a briefing schedule and the case shall be assigned for argument on the merits of the plaintiffs claim.
PITTMAN, J.