**NORTHERN TANKERS (CYPRUS) LTD., Plaintiff,**

v.

**Adam BACKSTROM, et al., Defendants.**

**No. 3:95 CV 1217(GLG).**

United States District Court, D. Connecticut.

July 14, 1997.

Healy & Baillie by John D. Kimball, W. Cameron Beard, New York City, for Plaintiff.

Davis, Polk & Wardwell by Robert F. Wise, Jr., New York City, for Defendants

## OPINION

GOETTEL, District Judge.

In our June 5, 1997 opinion, we found that defendants Magnus Lindholm ("Lindholm") and Adam Backstrom ("Backstrom") (collectively "defendants") had committed such "wanton and wilful malicious misconduct" so as to warrant an award of punitive damages on plaintiff's sixth and tenth causes of action, involving conspiracies to fraudulently transfer assets. We therefore granted leave to plaintiff to move for punitive damages. While we adhere to our factual finding that defendants' conduct constituted "wanton and wilful malicious misconduct," and while we believe that punitive damages are warranted, we must DENY plaintiff's motion for award of punitive damages (Document # 285).

## DISCUSSION

We regret the additional time and expenses incurred by plaintiff in making this motion, but upon our review of all relevant case law, we now find that plaintiff may not, as a matter of law, recover punitive damages resulting from a fraudulent conveyance.

█ The Appellate Court of Connecticut addressed a similar issue in *Derderian v. Derderian*, 3 Conn.App. 522, 490 A.2d 1008 (1985), *cert. denied*, 196 Conn. 810, 811, 495 A.2d 279 (Conn.1985). In that opinion, the court discussed the plaintiff's argument that the trial court erred in awarding attorney's fees to the defendant on the basis of her counterclaim, an action to set aside a fraudulent conveyance. Addressing both common and statutory law, the court held:

> [c]ommon law principles do not authorize a general creditor to pursue the transferee in a fraudulent conveyance action for anything other than the specific property transferred or the proceeds thereof.

The only relevant statute invoked by the defendant as a basis of her fraudulent conveyance action is General Statutes § 52–552. The language of that statute provides that a conveyance made with an intent to avoid a debt or duty belonging to others is voidable but it does not provide for an award of punitive damages. The defendant, in her brief, cites no Connecticut case which construes that statute to provide for such an award. For a party to be entitled to statutory remedy, her prayer for relief must be specifically based on that statutory remedy. The trial court erred in awarding punitive damages to the named defendant.

490 A.2d at 1013 (citations omitted). Plaintiff agrees that it is not entitled to punitive damages under Connecticut statutory fraudulent conveyance law. The Uniform Fraudulent Transfer Act, adopted by Connecticut, Conn. Gen. Stat. §§ 52–552a—52–552*l*, provides statutory equitable remedies for fraudulent transfers but does not allow for the assessment of punitive damages. *See Dime Savings Bank of New York v. Butler,* CV 930349247S, 1997 WL 112776, at *4 (Conn.Super.Feb.21, 1997).

■ Plaintiff argues, however, that both compensatory damages and punitive damages are available where a plaintiff seeks relief at law, in addition to equitable remedies. In support of this argument, plaintiff cites *Crepeau v. Gronager,* 41 Conn.App. 302, 675 A.2d 1361 (1996) and *Jones v. Ippoliti,* CV 93 53116 S, 1995 WL 405697 (Conn.Super. June 30, 1995). Neither case, however, supports plaintiff's position.

As plaintiff asserts, the court in *Crepeau* did indeed hold that Connecticut case law permits, in one lawsuit, a claim for damages—an action at law—and a claim that a conveyance should be set aside as fraudulent—an equitable action. 675 A.2d at 1368. The specific issue involved in that case, however, was:

> whether the assets of a transferee who is not a judgment debtor, but who participates in the fraudulent conveyance, can be reached to pay any deficiency in the judgment owed to the judgment creditor by the transferor, when the value of the property conveyed is insufficient to satisfy the debt, absent a statute that provides for such a remedy.

*Id.* Addressing the action at law to recover damages, the court held that "without a statute to the contrary, the amount of damages to be recovered from a transferee of a fraudulent conveyance cannot exceed the value of the property transferred." *Id.* Plaintiff's reliance on *Crepeau* is therefore misplaced. While recognizing that a party wronged by a fraudulent conveyance may seek damages at law, in addition to the equitable relief of setting aside the fraudulent transfer, the court specifically limited these damages to the value of the property transferred. Plain-

tiff's assertion that it may recover punitive damages in an action at law is therefore in direct conflict with the court's holding that damages are limited to the value of the property transferred.

Plaintiff's reliance on *Jones* is also misplaced. In that case, the court awarded punitive damages pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42–110g(a). While plaintiff makes no CUTPA claim here, it argues that "[i]rrespective of the legal theory advanced, punitive damages may be awarded in an appropriate action for damages arising out of fraudulent transfers." Plaintiff's Reply Memorandum, p. 4, n. 2. This assertion, however, is contrary to Connecticut case law that specifically limits damages arising out of a fraudulent transfer to those either provided by a statute or permissible at common law. Plaintiff concedes that the Uniform Fraudulent Conveyance Act, the only statute applicable to these claims, does not permit an award of punitive damages, and we find that Connecticut common law similarly does not permit an award of punitive damages. *See Crepeau,* 675 A.2d at 1367–68 (refusing to apply statute since plaintiffs did not rely on it for their cause of action, and finding that common law does not permit damages exceeding the value of the property transferred); *Derderian,* 490 A.2d at 1013 (finding that neither common law nor statute permit an award of punitive damages arising from a fraudulent conveyance); *see also Austin v. Barrows,* 41 Conn. 287 (1874) (holding that common law principles do not permit an action for damages resulting from fraudulent transfers); *Cowles v. Day,* 30 Conn. 406, 410 (1862) (stating that an action by creditors seeking to recover damages resulting from fraudulent transfers is one which could not have been sustained at common law). We therefore reject plaintiff's argument that Connecticut law permits an award of punitive damages for a fraudulent transfer claim.

Plaintiff's request is not bolstered by the fact that it seeks punitive damages resulting from a conspiracy to fraudulently transfer assets, as opposed to seeking such damages on a fraudulent transfer claim alone. Fraudulent transfers almost always involve a trans-

**68**

feror and a transferee who conspire to convey property. As defendants persuasively argue, allowing a plaintiff to characterize a fraudulent transfer claim as a tort of civil conspiracy in order to gain the benefit of a punitive damages award would be "legal sophistry" that would swallow the established rule that prohibits such damages. Defendants' Memorandum in Opposition, p. 3; *see Austin*, 41 Conn. at 300–01 (an allegation of conspiracy "brings no strength" to an otherwise impermissible action for damages resulting from a fraudulent transfer).

### CONCLUSION

For the foregoing reasons, plaintiff's motion for award of punitive damages (Document #285) is DENIED. The clerk shall enter final judgment against Backstrom, Lindholm, and all corporate, partnership and trust defendant alter egos in the amount of $11,964,223.82; plus pre-judgment interest from April 25, 1996; and the costs of the action.

**SO ORDERED.**